C. C. WESTFALL et al., Appellants,

v.

LORENZO GIN COMPANY, Appellee.

No. 3228.

Court of Civil Appeals of Texas.

Eastland.

Feb. 17, 1956.

Rehearing Denied March 9, 1956.

552

Oster & Kaufman, Dallas, Adkins & Condron, for appellants.

McMahon, Springer, Smart & Walter, Abilene, for appellee.

GRISSOM, Chief Justice.

J. M. Henslee sued C. C. Westfall and Garland Wayne Cox for damages caused by a collision between a truck driven by Cox, who was an employee of Westfall, and a truck driven by Henslee. Henslee alleged the truck he was driving was owned by his employer, the Lorenzo Gin Company. He prayed for judgment against Westfall and Cox, jointly and severally. Westfall and Cox answered, among other things, that the collision was caused by the negligence of Henslee and they filed a cross claim against the Lorenzo Gin Company, which they alleged was the employer of Henslee. They alleged the gin company was guilty of negligence : (1) in furnishing Henslee with a dilapidated truck, (2) in using an inexperienced and incompetent driver, (3) in failing to have the truck properly lighted and (4) in failing to equip the truck with proper flares. Wherefore, they prayed that if Henslee obtained judgment against them that they have judgment over against the gin company.

The gin company filed a motion for summary judgment and prayed that it be dismissed from the suit. It attached thereto a release by Westfall and Cox of the gin

company and others from "any and all claims, actions, causes of actions, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever" which Westfall and Cox might have as a result of the collision. It also attached the affidavit of Mr. Bray that at the time of the collision he was a partner in the Lorenzo Gin Company; that Henslee was then an employee of the gin company and that Westfall and Cox had released it from all claims arising out of said collision. The gin company filed an amended motion for judgment in which they alleged, among other things, said release and the effect thereof and, further, that at the time of the collision Henslee was an employee of the gin company acting in the course of his employment; that the gin company was a subscriber under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., and carried such insurance on Henslee; that, because of the protection afforded by compliance with said law, Henslee had no cause of action against the gin company for ordinary negligence and, likewise, Westfall and Cox had none, as a matter of law. The gin company alleged that the facts stated and supported by their affidavits, pleadings and exhibits were undisputed; that there was no real issue of fact and that, as a matter of law, the gin company was not liable for indemnity or contribution. It attached two affidavits to the effect that it carried workmen's compensation insurance on the gin company's employees; that at the time of the collision their compensation policy was in force and Henslee was then an employee of the gin company and his injuries were covered under the Workmen's Compensation Law and by said policy and that its insurer had paid Henslee $6,525 compensation and $1,805.05 for medical expenses.

Westfall and Cox filed a reply to the motion for summary judgment in which they alleged they had filed a second amended answer in which they sought contribution and indemnity from the gin company and referred to such a pleading. Said pleading is not in the record. They further alleged the gin company "was guilty of one or more acts of gross negligence, which were the proximate cause of the injuries, if any, sustained by the plaintiff and which contribution and indemnity are prayed for in the event of a recovery by the plaintiff." What the alleged acts of gross negligence were are not disclosed by the record. What facts are claimed to constitute gross negligence are not shown by pleading or otherwise. They then referred to the "deposition" of Buford Bray, which is not in the record, together with their pleadings and affidavits. No deposition by Mr. Bray is in the record but his affidavit is attached to the gin company's motion and does not tend to support appellants' claims. Westfall and Cox alleged the "deposition" of Mr. Bray "would show" that the gin company "purportedly leased the truck in question 'to get around get a railroad permit'; that no apparent examination was made of the driver or the condition of the truck which was on a twenty-four hour a day schedule; that the Lorenzo Gin Company did not know the truck driver's qualifications except that he said 'he could herd a truck'; no examination was made of him or his license nor whether or not he was familiar with the procedure of displaying flares." We have not been able to find this statement in the record. But regardless of whether it is or is not in the record, it does not show gross negligence. Westfall and Cox then alleged that their affidavit "would show" that the release was for bodily injuries and property damage to Westfall and Cox and "did not relate to the controversy herein set forth." There was also attached the affidavits of Westfall and Cox to the effect that they executed the release asserted by the gin company "which was to cover my (Westfall's) claim for damages to my truck only and that such release was not intended" to include any other claim. This was a question of law to be determined by an inspection of the unambiguous written release in the absence of any allegation that would permit setting it aside. Reserve Life Ins. Co. v. Buford, Tex.Civ.App., 241 S.W.2d 973 (Writ Ref.); Pacific Fire Ins. Co. v. Smith, Tex.Civ.App., 202 S.W.2d 328, 330. They then alleged that the fact that compensation had been paid Henslee indicated he was an employee of the gin com-

pany "while in effect the facts relate that there is a possibility of his being an employee of one Troy Lindsey—" and, therefore, an agreement between the gin company's insurer and Henslee would not bind Westfall and Cox and that "a fact issue would be raised as to whether or not Henslee was an employee of Lorenzo Gin Company or Troy Lindsey." They then alleged that "a further fact issue is raised on the question as to whether or not the Third Party Defendant was guilty of gross negligence which said question of fact has been alleged in the Defendants' Second Amended Answer." Attached thereto was the affidavit of one of appellants' counsel that "there are genuine issues as to material facts to be submitted to a jury." Upon a hearing the court sustained the gin company's motion and dismissed it from the suit. Westfall and Cox have appealed.

Appellants' points are that the court erred (1) in permitting introduction of parol testimony and (2) in sustaining the motion and dismissing the gin company from the case.

█ The gin company showed the execution of a release by Westfall and Cox of all claims arising out of said collision for a consideration of 'more than $900. Appellants alleged only they did not intend by said written release to release the gin company from appellants' claim for contribution and indemnity. But, if it is here material, appellants neither alleged nor presented any fact which would have authorized setting aside said release. See 10 Tex.Jur. 274. The gin company showed conclusively that it carried workmen's compensation on its employees, that Henslee was its employee and that its insurance carrier had paid him workmen's compensation. Since the gin company was a subscriber under the Workmen's Compensation Law, appellants certainly could not obtain judgment over against it for contribution or indemnity without allegation and proof of some act constituting gross negligence. West Texas Utilities Co. v. Renner, Tex.Civ.App., 32 S.W.2d 264; affirmed Tex.Com.App., 53 S.W.2d 451; American Mutual Liability

Ins. Co. v. Matthews, 2 Cir., 182 F.2d 322; Article 8306,. Sections 2, 5. Appellants presented neither allegation nor evidence of the commission of any act by the gin company which would constitute gross negligence. If Henslee was not an employee of the gin company it is not liable for his negligence. Although Westfall and Cox had alleged in their suit against the gin company that Henslee was its employee at the time of the accident, in answer to the gin company's motion they said only that although the fact that the gin company's insurer paid Henslee workmen's compensation indicated he was its employee "while in effect the facts relate that there is a possibility of his being an employee of one Troy Lindsey" and concluded that a fact issue "would" be raised as to whether Henslee was an employee of the gin company. What facts "relate" that there is a "possibility" that Henslee, contrary to their allegation, was not an employee of the gin company are neither stated nor alleged. They also attached the affidavit of one of their counsel stating only his conclusion from hearsay that there were genuine issues as to material facts to be submitted to a jury. What the facts are that appellants claim will be disputed are not stated. Westfall and Cox in reply to the gin company's motion alleged it "would be" shown that a fact issue is raised as to whether the gin company was guilty of gross negligence "which said question of fact has been alleged in the Defendant's Second Amended Answer". Such answer is not in the record. Neither allegation nor evidence of gross negligence is in the record. Appellants' pleadings found in the record contain allegation of facts showing only ordinary negligence and disclose no attempt to allege any fact which would constitute gross negligence. A pleading that the fact that Henslee had been paid compensation by the gin company's insurer indicated he was the gin company's employee, "while in effect the facts relate that there is a possibility of his being an employee of Lindsey", is wholly insufficient as an allegation of the fact or as a showing that Henslee was not an employee of the gin company, contrary to their own allegation in their suit against the

gin company. The same is true of the allegation that they had alleged the gin company was guilty of gross negligence. No fact is alleged or shown by affidavit that would constitute gross negligence. The summary judgment law does not contemplate that an issue of fact may be raised by such left-handed allegations and vague, indefinite statements. Appellants' pleadings and statements that could possibly be construed as an attempt to show an issue as to material fact do not indicate that they are not based on hearsay or that they are not conclusions of law.

In Sparkman v. McWirter, Tex. Civ.App., 263 S.W.2d 832, 838 (Writ Ref.), it was held that the purpose of the summary judgment law is to permit the court to promptly determine whether there is a genuine issue of material fact presented by the record and that it intended to allow the movant to pierce the formal allegations of fact and grant relief by way of summary judgment when it appeared from the uncontroverted facts set out in affidavits, depositions, admissions or pleadings that there was no genuine issue of fact and, further, that affidavits based on hearsay or conclusions of law were insufficient to warrant overruling such a motion for summary judgment. It has often been held that such affidavits must contain statements of fact which the affiant knows and is able to substantiate on a trial of the case on its merits. Hunt v. Southern Materials Co., Tex.Civ. App., 240 S.W.2d 400, 401. The affidavits of appellants and their counsel did not affirmatively show they were competent to testify to the matters stated therein. Texas Rules of Civil Procedure, rule 166–A(e) provides that "opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Appellants have not complied with this requirement.

[7, 8] We recognize the rule that it is the duty of the trial court on a hearing of a motion for summary judgment to determine whether there is any material issue of fact and not to weigh the evidence or determine its credibility. But, we think this record does not disclose the existence of a genuine issue as to any material fact and that appellants' vague pleadings and affidavits are wholly insufficient to meet the requirements of said rule or to answer the clear showing made by the gin company in support of its motion. When appellants sued the gin company for contribution or indemnity they alleged Henslee was the gin company's employee at the time of the collision. If so, the record shows the gin company protected itself, both from Henslee and appellants, from liability on account of Henslee's ordinary negligence by procuring workmen's compensation insurance. If Henslee was not an employee of the gin company it is not liable for his negligence. While appellants allege that they have alleged that the gin company is guilty of gross negligence neither allegation nor evidence of any fact showing gross negligence is in the record. We conclude that appellants have not raised an issue of fact as to whether Henslee was an employee of the gin company, the gin company was guilty of any act of gross negligence, or as to the existence of any issue of fact material as an answer to appellee's motion.

All that remains to be determined is whether the judgment should be reversed because the court permitted Henslee to testify that he was employed by the manager of the gin company. In view of all the facts mentioned, particularly those showing that Henslee was an employee of the gin company, considered with appellants' allegations in its suit against the gin company that Henslee was an employee of the gin company, we do not think the judgment should be reversed because such testimony was admitted while appellants merely alleged "the facts relate that there is a possibility of his being an employee of one Troy Lindsey". R.C.P. 434; Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191, 192. The judgment is affirmed.