**W. H. TOLIVER et ux., Appellants,**

**v.**

**Herman BERGMANN, Independent Executor of the Estate of Frank Bergmann, Deceased, Appellee.**

No. 13056.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 12, 1956.

Henry Lee Taylor, San Antonio, for appellants.

Lee Minner, San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from a summary judgment rendered against appellants upon a promissory note. The judgment recites that the motion came on to be heard on January 11, 1956, and judgment was "signed, rendered and entered" on January 13th, two days after the hearing began. The order also recites that the "Court proceeded to examine the pleadings and affidavit supporting plaintiff's (appellee's) motion, and having read and examined the defendants' answer herein * * * and having observed that the defendants * * * had filed (no) pleading or opposing affidavit in opposition to plaintiff's motion for summary judgment * * * and finding that said pleadings show an absence of any genuine issue of any material fact * * * summary judgment should be rendered for plaintiff who is entitled thereto as a matter of law."

From these recitals it would appear that judgment was rendered on the pleadings. When a suit is based upon an instrument in writing such as a promissory note, Rule 93 of the Texas Rules of Civil Procedure requires that a denial of the execution

thereof shall be verified by affidavit and that "in the absence of such a sworn plea, the instrument [sued upon] shall be received in evidence as fully proved."

On November 5, 1955, appellants filed an answer in which they denied that they had executed the note sued upon by appellee. This was sworn to as being "true and correct to the best of their knowledge and belief." The answer was seemingly insufficient as a non est factum plea under Rule 93. Century Ins. Co., Limited of Edinburgh, Scotland v. Hogan, Tex.Civ. App., 135 S.W.2d 224; Howell v. Knox, Tex.Civ.App., 211 S.W.2d 324. McDonald points out that under the federal summary judgment rule (No. 56) an "affidavit on information and belief or its equivalent is insufficient. But that an affidavit that the facts stated are true and correct 'to the best of (affiant's) knowledge and belief' has been held sufficient." With reference to the Texas practice, however, he points out that "this language (last quoted) should be avoided since * * * the Texas courts have not approved a distinction between these forms when applied to verified pleadings." McDonald, Texas Civil Practice, § 17.26; see also, McDonald, § 5.15.

Had the sworn statement contained in the original answer been the only affidavit on file, the trial court's ruling could be sustained. However, it appears from the transcript that on January 11, 1956, the appellants, with recited leave of the court, filed an answer containing an unequivocal and positive affidavit in which they categorically denied that they had executed the note attached to plaintiff's petition and upon which the suit was predicated. This pleading was undoubtedly sufficient as a non est factum plea and raised an issue of fact as to appellants' execution of the note. The affidavit was likewise sufficient to meet the requirements of Rule 166-A. Burtis v. Butler Bros., Tex.Civ.App., 243 S.W.2d 235; Tucker v. Neal Oil Corp., Tex.Civ. App., 255 S.W.2d 302. The trial judge,

however, held a hearing in which appellants were examined as witnesses. From the evidence adduced the court concluded that the non est factum plea had not been filed in good faith. He thereupon withdrew leave to file, ordered the amended answer stricken, and rendered his decision upon the basis of the original answer.

In so doing, the trial court erred. Rule 166-A contains no provision for the taking of testimony upon the hearing of a motion for summary judgment. Pleadings, depositions, admissions on file and affidavits are mentioned as the proper bases for judicial action under the rule. Section (g) of Rule 166-A relates to affidavits made in bad faith and we assume that the evidence adduced upon the hearing has reference to this section, particularly as the transcript of the testimony discloses a statement by the trial judge that, "the purpose of this proceeding is to determine whether the affidavit contained in the Amended Answer was made in good faith. That is the whole purpose of this proceeding this morning."

Section (g) of Article 166-A reads as follows:

"Affidavits Made in Bad Faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt."

While this section provides penalties for the making of affidavits in bad faith, the striking of the offending affidavit or pleading is not made one of them. We think it rather apparent that the trial judge was of the opinion that appellants were evasive and equivocal of statement and were trifling with the court by raising frivolous and groundless defenses. But such conclusions necessarily involve fact questions relating to the credibility of witnesses, which under our system of jurisprudence must be determined by a jury (when demanded) in actions to determine civil liability. Article 1, § 15, Constitution of Texas, Vernon's Ann.St. A case may be determined by summary judgment only when no material fact issues are involved and questions of law alone are presented. Schroeder v. Texas & Pac. Ry. Co., Tex.Civ.App., 243 S.W.2d 261.

For the error pointed out, the judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.