**J. C. BOX, Appellant,**

v.

**Don BATES and R. F. Bates, Appellees.**

**No. 5430.**

Court of Civil Appeals of Texas.

El Paso.

Nov. 16, 1960.

Rehearing Denied Dec. 2, 1960.

John J. Watts, Thomas A. Sneed, Odessa, for appellant.

McDonald & Shafer, Odessa, for appellees.

FRASER, Justice.

This is an appeal from a summary judgment granted by the District Court of Andrews County, Texas. The law suit resulted from an automobile collision, and was brought by J. C. Box against Don Bates and R. F. Bates. The defendants answered and, subsequently thereto, filed their motion for summary judgment, in which they alleged that there were three cars involved, the third car being under the control of one H. D. Redding. The motion was sworn to, and alleged that plaintiff-appellant had, on

the 8th day of March, 1956, executed a complete general release to H. D. Redding, the driver of the third car. A photostatic copy of an instrument executed and notarized by appellant, certifying to such release, was attached to the motion.

The record does not show any controverting affidavits of any kind filed by appellant, nor is there a Statement of Facts present.

Appellees have taken the position, as illustrated by their motion, that Mr. Redding was a joint tort-feasor, and that appellant, by releasing him, had released all other joint tort-feasors.

Appellant claims that the motion and verification of same, with the accompanying exhibit, was not sufficient to warrant the trial court's granting of the summary motion.

█ It has long been judicially settled that the court, in considering a motion for a summary judgment, may only consider the record as it existed at the time of the hearing. Oaxaca v. Lowman, Tex.Civ.App., 297 S.W.2d 729 (n.r.e.); Rule 166–A, Texas Rules of Civil Procedure. In this case the record, at the time of the trial court's action in granting the summary judgment, consisted of appellant's petition, the answer of appellees, and appellees' motion for summary judgment, with its exhibit or attachment. This affidavit asserted that Redding was a joint tort-feasor and had been released by plaintiff-appellant, and attached a certificate in proof thereof.

Appellant argues that the trial court did not have sufficient evidence in front of it to justify the granting of the motion, and, especially, that appellees' assertion in their sworn motion, that Redding was the tort-feasor, did not make him one.

█ On the basis of the record before us, Mr. Redding stood labled as a joint tort-feasor. There is nothing in the record before us to contradict this statement, and this status is challenged, as far as we are concerned, only in the brief of the appellant. It has been held that, where the opposite party files no counter-affidavits, he admits, in effect, the facts alleged in his opponent's sworn affidavit and supporting motion, and cannot complain of the action of the court in granting the motion. Holland v. Lansdowne-Moody Co., Inc., Tex. Civ.App., 269 S.W.2d 478; Gwinn v. Associated Employers Lloyds, Tex.Civ.App., 280 S.W.2d 624 (n.r.e.); Broussard v. Austin Road Co., Tex.Civ.App., 276 S.W.2d 912; Westfall v. Lorenzo Gin Co., Tex.Civ.App., 287 S.W.2d 551; City of Houston v. Freedman, Tex.Civ.App., 293 S.W.2d 515 (n.r.e.). It must be remembered that, in the case before us, there were no sworn contradictions to appellees' motion, and we have no statement of facts before us; so we cannot conclude that the evidence was unfavorable to the court's action.

Some courts have held that the court was bound to assume, in the absence of a statement of facts, that evidence offered by the parties did not present any material facts or dispute. Maxwell v. Maxwell, Tex.Civ. App., 292 S.W.2d 368.

█ Another court has held that, where the complaint that affidavits supporting the motion for summary judgment were not sufficient was not urged in the trial court, such contention could not be raised before the Court of Civil Appeals on appeal. Lobit v. Crouch, Tex.Civ.App., 293 S.W.2d 110 (n.r.e.).

On the basis of the above authorities, we must assume that the trial court acted correctly, and that appellant's points must be overruled. The allegation that the man whom appellant released from liability was a joint tort-feasor is, so far as this record is concerned, unchallenged by evidence or document. It has long been a rule that the release of one joint tort-feasor releases all. Sims v. Auringer, Tex.Civ.App., 301 S.W.2d 286 (n.r.e.); Hunt v. Ziegler, Tex.Civ.App., 271 S.W. 936, affirmed, Tex. Com.App., 280 S.W. 546; 36 Tex.Jur. 822;

Restatement of the Law of Torts, Volume IV, section 885.

Therefore, because of the clear language of the above cited authorities, and the state of the record now before us, we overrule all of appellant's points of error, and the judgment of the trial court is accordingly affirmed.