## J. C. Box v. Don Bates and R. F. Bates

No. A-8214. Decided May 10, 1961
(346 S. W. 2d Series 317)

*John J. Watts* and *Tom Sneed,* of Odessa, for petitioner.

*McDonald, Shafer & Gilliland,* of Odessa, for respondents.

MR. JUSTICE STEAKLEY delivered the opinion of the Court.

This is a summary judgment case. Petitioner sued respondents for damages resulting from an automobile collision occurring on November 12, 1955. Respondents filed an answer on April 3, 1956, consisting of a general denial and an allegation that the accident resulted from the failure of petitioner to use ordinary care.

Subsequently, on July 25, 1956, respondents filed Motion for Summary Judgment to which one of the attorneys for respondents made affidavit "that the allegations contained in the foregoing motion are true and correct." The motion alleged that the collision involved three automobiles (one driven by petitioner, one driven by respondent Don Bates, and one driven by H. D. Redding; that the circumstances were such "that the drivers of all of the vehicles involved were and are joint tort-feasors"; and that petitioner on March 8, 1956, executed a release to H. D. Redding) which constituted a full and complete release to each of the respondents. A photostatic copy of the release was attached to the motion, from which it appears that the release was executed by petitioner in favor of H. D. Redding and was directed to the Texas Department of Public Safety, Safety-Responsibility Division.

Under date of October 19, 1959 (over three years later), the trial court sustained respondents' Motion for Summary Judgment, and on appeal by petitioner the Court of Civil Appeals affirmed. 341 S.W. 2d 219.

The order of the trial court sustaining respondents' Motion for Summary Judgment recites:

"HERETOFORE, to-wit, on the 25th day of July, 1956, the defendants in the above entitled and numbered cause filed herein their Motion for Summary Judgment; thereafter, with notice to all parties as required by law, the said Defendants' Motion for Summary Judgment came on to be heard and considered by the Court, at which time the plaintiff was present in person and by his attorney, and the defendants were present by their attorney, and at which time the *said Motion was in all things presented* to the Court and argument of counsel heard thereon;

"WHEREUPON, said Defendants' Motion for Summary Judgment was taken under advisement by the Court and briefs thereon submitted by the parties, and said Motion and the authorities cited were considered and studied by the Court;

"THEREFORE, the Court having written counsel for both sides that the Court desired additional argument *and evidence, if desired by the parties,* and having set the date for such additional hearing, argument and evidence on the

3rd day of August, A. D. 1959, and the parties, by agreement of counsel, having postponed said hearing until the 10th day of August, 1959, the Court again called said cause for hearing and additional argument; *and the Court having further considered the argument, the Motion, the authorities cited and the entire record,* is now of the opinion that said Defendants' Motion for Summary Judgment is well taken and should be in all things sustained: * * * ." (Emphasis ours.)

Respondents state in their Reply Brief to the Application for Writ of Error that "The record then as it existed before the Trial Court, before the Court of Civil Appeals and as it is now before this Court consisted, as stated by the Honorable Court of Civil Appeals in its opinion, of the Petitioners' Petition, Respondents' Answer , and Respondents' Motion for Summary Judgment with its Exhibits or attachments."

It is therefore manifest that no showing was made before the trial court in the nature of depositions, admissions or other evidence, and that the action of the trial court was based, as recited in the order sustaining the Motion for Summary Judgment, on "the argument, the Motion, the authorities cited and the entire record," the record including the First Amended Original Petition of Petitioner, the Answer of Respondents and the Motion of Respondents for Summary Judgment.

The Court of Civil Appeals was of the view that since the allegation in the Motion for Summary Judgment that H. D. Redding was a joint tort-feasor was "unchallenged by evidence or document," it could not "conclude that the evidence was unfavorable to the [trial] court's action" in the absence of a Statement of Facts.

■ It is our view that where there is no indication that evidence was introduced before and considered by the trial court which is not brought forward in the record, no presumptions are to be applied in favor of a summary judgment on the basis of the absence of a Statement of Facts.

It is pointed out in *Toliver v. Bergmann,* 297 S.W. 2d 208, 210, no writ his., that "Rule 166-A contains no provision for the taking of testimony upon the hearing of a motion for summary judgment. Pleadings, depositions, admissions on file, and affidavits are mentioned as the proper bases for judicial action under the rule."

The statement is made in *McFarland v. Connally*, 252 S.W. 2d 486, no writ hist., which considered a summary judgment, that every presumption must be applied in favor of the trial court's judgment where there is no Statement of Facts in the record; however, the opinion discloses that depositions and affidavits introduced in evidence were not brought forward in the record and such facts were therefore not before the Court of Civil Appeals.

Likewise, in *Reese v. Davitte*, 255 S.W. 2d 1015, 1017, no writ hist., it was again stated, in a summary judgment situation, that every presumption must be applied in favor of the judgment of the trial court in the absence of a Statement of Facts, "since the judgment reveals that evidence was introduced and considered by the court and such evidence not being before us."

We hold, therefore, that no presumptions are to be applied to support the summary judgment in our case since all matters considered by the trial court are in the record before us.

We turn now to a consideration of the sufficiency of respondents' Motion for Summary Judgment when considered as an affidavit.

Rule 166-A, Texas Rules of Civil Procedure, authorizes a summary judgment with supporting affidavits, but requires that the affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters therein." [Subsection (e)]

■ It is self-evident that respondents' Motion for Summary Judgment does not, as an affidavit, meet the requirements of subsection (e) of Rule 166-A. The allegations that the drivers of the three automobiles "were and are joint tort-feasors" is a legal conclusion and the burden of establishing the factual support therefor was upon respondents. This burden was not discharged by the hearsay statements by counsel in the motion. There being no depositions or admissions on file, or other showing before the trial court, and the requisite facts not being shown by an affidavit meeting the requirements of Rule 166-A, a summary judgment was not in order, and petitioner, as the adverse party, was not under any burden to contravene the allegations in the motion.

The foregoing principles are in harmony with the decisions under the summary judgment rule. "In ruling on a motion for summary judgment only admissible testimony having probative force is to be considered." *Statham v. City of Tyler*, 257 S.W. 2d 742, er. ref. n.r.e. "* * * in order to authorize the rendition of a summary judgment, based on supporting affidavits, the affidavits must contain statements of fact which the affiant knows and is able to substantiate on a trial of the case. * * * The court, in the instant case, was without admissible evidence upon which to overrule appellee's motion for a summary judgment, since it was not shown affirmatively that the affiants were competent to testify to the matters stated in the affidavits." *Fonville v. Southern Materials Co.*, 239 S.W. 2d 885, 888, er. ref. n.r.e.

"An affidavit based on hearsay and statements contained in affidavits that are but mere conclusions of law are insufficient to warrant the overruling of a motion for summary judgment." 41B Tex. Jur., § 27, p. 50, quoted with approval in *Sparkman v. McWhirter*, 263 S.W. 2d 832, 838, er. ref. "It has often been held that such affidavits must contain statements of fact which the affiant knows and is able to substantiate on a trial of the case on its merits. * * * The affidavits of appellants and their counsel did not affirmatively show they were competent to testify to the matters stated therein." *Westfall v. Lorenzo Gin Co.*, 287 S.W. 2d 551, 555, no writ hist.

The more recent cases are summarized in *Lawyers Surety Corporation v. Sevier*, 342 S.W. 2d 604, 607, no writ hist., as follows:

"Appellant's fourth point asserts error in not granting appellant's motion for summary judgment, which motion asserted that appellee had not alleged a cause of action. * * * Secondly, appellant's affidavit in support of its motion for summary judgment is fatally defective in that it does not allege that it was made on the personal knowledge of the affiant, nor does it show affirmatively that the affiant is competent to testify as to the matters stated in the affidavit, both of which showings are required by Rule 166-A, § (e). Quarles v. State Bar of Texas, Tex. Civ. App., 316 S.W. 2d 797; Anderson v. Hake, Tex. Civ. App., 300 S.W. 2d 663; Edwards v. Williams, Tex. Civ. App., 291 S.W. 2d 783; Richards v. Smith, Tex. Civ. App., 239 S.W. 2d 724. And thirdly appellant's motion is based on a conclusion of law.

Munoz v. Heights Savings & Loan Ass'n., Tex. Civ. App., 319 S.W. 2d 945; Farmers State Bank v. First State Bank of Liberty, Tex. Civ. App., 317 S.W. 2d 768; Quarles v. State Bar of Texas, Tex. Civ. App., 316 S.W. 2d 797.

The judgment of the Court of Civil Appeals is reversed, and the cause is remanded to the trial court.