**W. J. SELDON et al., Appellants,**

v.

**S & S AGGREGATES COMPANY, Appellee.**

**No. 4112.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 25, 1966.

Rehearing Denied Dec. 23, 1966.

House, Mercer, House & Brock, R. L. House, San Antonio, Rountree, Renner & Snell, Robert B. Snell, Lamesa, for appellants.

Harris, Anderson, Henley, Shields & Rhodes, C. A. Searcy Miller, Dallas, Cayton & Gresham, Willis E. Gresham, Jr., Lamesa, for appellee.

WALTER, Justice.

S & S Aggregates Company filed suit against W. J. Seldon and Fidelity and De-posit Company pursuant to Article 5160 of the Vernon's Ann.Texas Civil Statutes, known as the McGregor Act. Seldon was the general contractor on some highway projects in Dawson County. Fidelity and Deposit was surety on his bond.

W. N. Fulfer was a subcontractor. Fulfer entered into a lease agreement with S & S for some equipment which he used on the highway projects. Fulfer did not make the rental payments required by the lease and S & S filed suit.

All parties filed motions for summary judgments. Seldon and Fidelity and De-posit's motions were overruled and S & S' motion for summary judgment was granted on liability but overruled on the reasonable rental value of the equipment.

Thereafter, the cause proceeded to trial and issues on the reasonable value of the equipment and attorneys' fees were sub-mitted to the jury. The jury answered that $2500.00 was a reasonable monthly cash rental for the machinery and $1675.00 would be a reasonable attorneys' fee. Judgment was rendered in favor of S & S for $9,166.66 plus $1675.00 attorneys' fees. Seldon and Fidelity have appealed.

They contend that the court erred in granting summary judgment because proper notices were not given as required by Article 5160; because the pleadings and evidence raised issues of fact covering the rental period from September 9 to September 29, 1965 and because proper notices were not given under the statute for payments due for July 9, 1965 to August 9, 1965. They also contend the court erred in failing to grant their motions for summary judgment.

We find no merit in appellants' contention that the court erred in failing to grant their motions for summary judgment. They contend the agreement Fulfer executed to S & S was a conditional sales contract, or a chattel mortgage, and that a mortgagee is not protected under the McGregor Act.

The equipment lease contained the following purchase option:

"PURCHASE OPTION: At any time after September 9, 1965, if Lessee has paid in full all rentals owing hereunder and be not then in default hereunder, Lessee shall have the option to purchase said equipment upon giving written notice not less than 30 days prior to expiration of the original term hereof. The purchase price shall be $50,000.00 less 94% of rentals paid and providing that the balance be paid in cash."

Under Section (3) of Subdivision (b) of Subdivision C of Article 5160, Tex.R.C.S. material is to be contrued to mean any part or all of the following:

"(3) Rent at a reasonable rate and actual running repairs at a reasonable cost for construction equipment, used in the direct prosecution of the work at the project site, or reasonably required and delivered for such use."

Appellants filed the affidavit of W. J. Seldon in support of their motions. He swore the lease was recorded in the chattel mortgage records of Dawson County and concluded that by filing the instrument "the plaintiff recognized said instrument as a chattel mortgage."

S & S filed an affidavit in opposition to the motion in which it was asserted that the option to purchase was never exercised by Fulfer, and that Seldon and Fulfer used said equipment and that Seldon made payments to S & S on behalf of Fulfer.

■ The record does not show as a matter of law that the equipment lease is a chattel mortgage. Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex. Sup.Ct.1965).

We are of the opinion that the court erred in granting appellee's motion for summary judgment. In support of its motion S & S filed the affidavit of its Vice-President and employee G. Schuyler Rice, in which it attempted to show that proper notices were given to Fulfer and appellants.

Section (a) of Subdivision B of Article 5160 provides:

"(a) Notices Required for Unpaid Bills, other than notices solely for Retainages as hereinafter described.

Such claimant shall have given within ninety (90) days after the 10th day of the month next following each month in which the labor was done or performed, in whole or in part, or material was delivered, in whole or in part, for which such claim is made, written notices of the claim by certified or registered mail, addressed to the prime contractor at his last known business address, or at his residence, and to the surety or sureties. Such notices shall be accompanied by a sworn statement of account stating in substance that the amount claimed is just and correct and that all just and lawful offsets, payments, and credits known to the affiant have been allowed. Such statement of account shall include therein the amount of any retainage or retainages applicable to the account that have not become due by virtue of terms of the contract between the claimant and the prime contractor or between the claimant and a subcontractor. When the claim is based on a written agreement, the claimant shall have the option to enclose, with the sworn statement of account, as such notice a true copy of such agreement and advising completion or value of partial completion of same."

and Sections (1) and (2) of Subdivision (b) of Article 5160 provides:

"(1) If any agreements exist between the claimant and any subcontractors by which payments are not to be made in full therefor in the month next following each month in which the labor was performed or the materials were delivered or both, such claimant shall have given written notice by certified or registered mail addressed to the prime contractor at his

last known business address, or at his residence, within thirty-six (36) days after the 10th day of the month next following the commencement of the delivery of materials or the performance of labor that there has been agreed upon between the claimant and such subcontractors such retention of funds. Such notice shall indicate generally the nature of such retainage.

(2) Such Claimant shall have given written notice by certified or registered mail as described in the preceding subparagraph B(b) (1) to the prime contractor within thirty-six (36) days after the 10th day of the month next following each month in which the labor was done or performed, in whole or in part, or material delivered, in whole or in part, that payment therefor has not been received. A copy of the statement sent to the subcontractor shall suffice as such notice."

Appellants replied that the agreement was a chattel mortgage not covered by the McGregor Act; that appellee waived any claim of title other than as a mortgagee by recording the instrument in the chattel mortgage records of Dawson County and by filing suit against Fulfer for conversion. They further asserted payment of $2500.00 of the amount sued for, by Seldon's check No. 874 for the June 9, 1965 payment. This reply was verified by Seldon.

The court granted appellee's motion for summary judgment on liability "after considering the pleadings, affidavits on file herein and arguments of counsel."

■ One of the principles sought to be established by the Supreme Court in Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961) was that there is no place in a summary judgment proceeding for the taking of testimony. "Pleadings, depositions, admissions on file and affidavits are mentioned as the proper basis for judicial action under the rule." Toliver v. Bergmann, Tex. Civ.App., 297 S.W.2d 208 (no writ history).

In this case both parties seek to bolster their positions by referring to the testimony introduced in the trial on the merits and by deposition testimony introduced on the motion for a new trial. We believe that the propriety of granting the motion for summary judgment on liability must be determined from the pleadings and affidavits on file at the time the court granted such motion.

National Surety Corporation v. Standard Concrete Pipe Sales Company, Tex.Civ. App., 366 S.W.2d 103 (no writ history) was a summary judgment case by a materialman against a general contractor and the surety on a bond executed under Article 5160 R.C.S. The Court said:

"Appellant contends that proof that a written notice was given is not sufficient to establish that such notice complied with the requirements of Art. 5160, R.C.S., and that such proof was necessary to establish that there is no fact issue in this case. If it would have been necessary for the plaintiff in the trial court to prove the contents of the written notice given appellant in order to show himself entitled to an instructed verdict, the trial court erred in granting this summary judgment. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492. The burden rests with the movant to show that there is no disputed fact issue. Box v. Bates [162 Tex. 184] 346 S.W.2d 317.

We cannot say that the only reasonable inference to be drawn from the undisputed fact that a written notice was given to appellant by appellee is that all of the facts and instruments required by the provisions of Art. 5160, R.C.S., were contained in such notice. Bliss v. City of Ft. Worth, Tex.Civ.App., 288 S.W.2d 558, writ ref., n. r. e. Since the requisite facts showing that a legally sufficient notice of claim was given appellant was not presented to the trial court by affidavits, depositions, admissions or otherwise, appellant was not under any burden to con-

travene the allegations in the motion for summary judgment".

We hold that Rice's affidavit asserting that written notices were given to appellants does not establish as a matter of law that all the facts and instruments required by the provisions of Article 5160 R.C.S. were contained in such notices.

Also, it appears that Rice was an interested witness. "The general rule is that the testimony of an interested witness does no more than raise a fact issue to be determined by the Jury." Taylor & Son, Inc. v. Arlington Independent School District, 160 Tex. 617, 335 S.W.2d 371, (1960). The exception to this rule was applied in Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Sup.Ct.1965). The record in this case does not warrant application of the exception.

The judgment is reversed and the cause is remanded.