James E. FERGUSON, Appellant,

v.

D. S. A. INC., Appellee.

No. 4725.

Court of Civil Appeals of Texas.

Waco.

July 3, 1968.

**554**

Donald L. Busby, Cleburne, for appellant.

Walker, Baker & Altaras, Cleburne, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from summary judgment that he take nothing, in a suit on a note, against defendant.

Plaintiff Ferguson sued defendant D. S. A. Inc. for an alleged balance due on a $10,000 note, executed by defendant on December 31, 1965, and payable to plaintiff.

Defendant answered that payments on the note in the amount of $8,000 had been made; that the principal of the note had been reduced to $8,000 by a subsequent writing executed by plaintiff; and that defendant owed nothing. Such writing was a letter written by plaintiff to defendant, as follows:

"Sept. 29, 1966

"Mr. Roy Williams, President D. S. A. Inc.
Cleburne, Texas
Dear Mr. Williams:

"It is my understanding that the last $2,000. of the $10,000. note I hold executed to me by D. S. A. Inc. is to be applied against a debt of Glen V. Paden to you and in exchange, he is to pay me this $2,000. In effect, it would reduce the principal from the $10,000. to the $8,000. figure as far as D. S. A. is concerned and said payment is to be tacked on the tail end of the note. Should there be any difference, kindly advise.

"Thanking you I remain

Sincerely,
James E. Ferguson"

Defendant moved for summary judgment, and attached affidavit of defendant's president that all due and owing on the note had been paid.

Plaintiff by affidavit in opposition to summary judgment stated he in no way intended to release D. S. A. from its obligation of paying the full amount of the note by the letter of September 29, 1966, and that such letter "was merely a restatement of a supposed agreement made by Glen V. Paden and D. S. A." Defendant by supplemental affidavit set out that D. S. A. did not inform plaintiff of "any differences" in connection with the reduction of the $10,000. note to $8,000.

The trial court entered summary judgment that plaintiff take nothing.

Plaintiff appeals, contending the trial court committed reversible error because an issue of material fact did exist. Plaintiff asserts the real question is whether the letter written by plaintiff to defendant amounts to a release, and contends it is subject to several interpretations.

Plaintiff's letter of September 29, 1966 reads:

*"It is my understanding that the last $2,000 of the $10,000 note * * is to be applied against a debt of Glen V. Paden to you, and in exchange, he is to pay me this $2,000. In effect, it would reduce the principal from the $10,000. to the $8,000. * * Should there be any diference, kindly advise."*

"Understanding" is defined " * * an adjustment of differences; anything mutually understood or agreed upon; as, to come to an understanding with another."

 Plaintiff's affidavit "that he in no way intended to release D. S. A. from its obligation of paying the full amount of the note, by the letter of September 29, 1966 is a legal conclusion. Affidavits of legal conclusions will not support summary judgment action. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317.

Defendant's affidavit is unchallenged that plaintiff was never advised that "any difference" existed.

Sec. 3–601(2)[1] of the Uniform Commercial Code (which was in effect from June 30, 1966 to September 1, 1967) provides: "Any party is also discharged from his liability on an instrument to another party by any other act or agreement with such party which would discharge his simple contract for the payment of money."

We think plaintiff's letter of September 29th, supra, renounced his rights to the last $2,000. of the $10,000. note, and effectively discharged defendant's liability under above provisions.

The judgment is correct. Plaintiff's contentions are overruled.

Affirmed.

---

1. Now Sec. 3.601(b) Business and Commerce Code.