**Hubert BINGHAM et ux., Appellants,**

**v.**

**City of COLORADO CITY, Appellee.**

**No. 4480.**

Court of Civil Appeals of Texas, Eastland.

Feb. 11, 1972.

Burnett & Childs (Richard J. Clarkson), Odessa, for appellants.

McMahon, Smart, Sprain, Wilson & Camp (Marvin Sprain), Abilene, for appellee.

WALTER, Justice.

Hubert Bingham and wife filed suit against the City of Colorado City, Harrell Fishing Camp and Texas Electric Service Company alleging that Lake Colorado City was under the joint control of the three defendants and that on account of the defendants' negligence their son drowned in the lake. Summary judgment was rendered for the defendants and the Binghams have appealed from that portion of the judgment which granted the City a summary judgment.

The City contends that: "By pleading in detail the facts upon which it relies in its motion for summary judgment, the appellee, since appellants did not see fit to controvert such facts, is entitled to have such pleadings taken as true, and they can be considered by the Court in determining

whether any material fact issues exist." The Supreme Court of Texas in Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Sup.Ct.1971) has decided this matter contrary to the City's contention. The City's motion for a summary judgment even if considered as an affidavit of the City Manager, J. A. Sadler, Jr., does not meet the requirements of Rule 166–A, Texas Rules of Civil Procedure. See also Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961). We hold that the City has not discharged its burden of proof in this summary judgment case. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Sup.Ct.1970).

The judgment is reversed and the cause is remanded.