COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-056-CV
 
ROBERT L. HARMON           
           
           
           
           
APPELLANT
V.
BANK OF THE WEST, GARY       
           
           
           
        APPELLEES
BLANKENSHIP, AND STEVE SEGAL
------------
FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
I. Introduction
This is an appeal from a summary
judgment entered against Appellant Robert Harmon on his claims against Appellees
Bank of the West, Gary Blankenship, and Steve Segal. In three points, Harmon
complains that the trial court erred by striking his first amended petition, by
denying leave to file a late affidavit, and by granting Appellees' motion for
summary judgment. We will affirm.
II. Background
Facts
On March 2, 1994, Appellant Robert
Harmon and his wife, Nancy, negotiated a $114,400 loan from Bank of the West,
which was secured by their Tarrant County residence. In December of 1995, the
Harmons executed a loan modification agreement to reduce their monthly payment
on the loan. Harmon was subsequently diagnosed with stomach cancer and
hospitalized from December 16, 1996, through April 1, 1997, for treatment.
During this time, Nancy executed a second loan modification agreement, signing
the document both individually and as attorney-in-fact for Harmon. The second
modification again reduced the monthly payment due on the loan, but also
increased the applicable interest rate and shortened the term of the loan from
fifteen years to one year with a balloon payment.
Harmon alleges that he was wholly
unaware of the terms of the second modification. He claims that, soon after he
was released from the hospital, his wife filed for divorce and placed Harmon
under a temporary restraining order that prevented him from contacting her for
any reason. Due to his poor health and marital discord, Harmon asserts that he
did not discover the shortened term of the loan until June, 1997, when his
daughter advised him of the terms of the second modification.
Harmon contends that, in June of
1997, he notified Appellees of his health problems and requested extra time to
make the monthly payments for May onward. He claims that the Bank verbally
agreed to allow him to make the $1,000 May payment by July 7, the $1,000 June
payment by August 8, and the $2,000 payment for July and August by the end of
the week of August 24.
On July 9, 1997, the Bank advised
Harmon that he was in default on the loan and that if the default was not cured
within twenty days the residence would be posted for a non-judicial foreclosure
sale. Harmon claims that he contacted the Bank and again negotiated with
Blankenship and Segal for acceptance of his planned payments through August,
which would have brought him current on the loan. On August 11, 1997, the Bank
notified Harmon that he was in default, that the loan had been accelerated, and
that the residence was to be posted for non-judicial foreclosure sale on
September 2, 1997. On the morning of the non-judicial foreclosure sale, Harmon
filed for bankruptcy protection to avoid losing his home.
On August 31, 1999, Harmon filed
suit against the Bank, Segal, and Blankenship alleging breach of contract,
breach of an implied covenant of good faith and fair dealing, DTPA violations,
unfair debt collection practices, negligence, and fraud in connection with a
real estate transaction. On October 17, 2001, Appellees filed a motion for
summary judgment on both traditional and no-evidence grounds. A hearing on
Appellees' motion for summary judgment was scheduled for November 30, 2001. On
November 26, 2001, Harmon filed a verified response to the summary judgment
motion. Thereafter, on November 28, 2001, Harmon filed his first amended
petition, which Appellees moved to have stricken from the record. Following the
summary judgment hearing, the trial court granted Appellees' motion to strike
Harmon's first amended petition and entered summary judgment for Appellees.
III. Harmon's First
Amended Petition
In his third point, Harmon
complains in part that the trial court erred by striking his first amended
petition. We disagree. Harmon filed his first amended petition on November 28,
2001, only two days prior to the hearing on Appellees' motion for summary
judgment. The next day, Appellees filed a motion to strike the amended petition
as untimely and prejudicial. The motion to strike further alleged that the
tardiness of the amendment demonstrated a lack of diligence on Harmon's part.
Rule 63 of the Texas Rules of Civil
Procedure requires a party desiring to file an amended pleading within seven
days of trial to first request and obtain leave from the trial court. Tex. R.
Civ. P. 63. It does not appear, based upon the record before us, that Harmon
requested leave from the trial court to file his first amended petition. Thus,
he failed to comply with rule 63, and the trial court was within its discretion
to strike the amended petition. See Sosa v. Central Power & Light,
909 S.W.2d 893, 895 (Tex. 1995) (applying the seven-day time constraint of rule
63 to the time period preceding a summary judgment hearing); Guereque v.
Thompson, 953 S.W.2d 458, 463-64 (Tex. App.--El Paso 1997, pet. denied). We
hold that the trial court did not abuse its discretion by striking Harmon's
first amended petition and we overrule this portion of his third point.
IV. The Affidavit
of Nancy Harmon
In the remainder of his third
point, Harmon complains that the trial court abused its discretion by denying
his motion for leave to file the affidavit of his ex-wife, Nancy Harmon.
Rule 166a(c) provides in part that
"[e]xcept on leave of court, the adverse party, not later than seven days
prior to the day of hearing may file and serve opposing affidavits or other
written response." Tex. R. Civ. P. 166a(c). The record indicates that
Harmon did not request leave to file his ex-wife's affidavit until November 30,
2001, the day of the summary judgment hearing, and that Appellees opposed that
request. The trial court was clearly within its discretion to deny Harmon's
request. See Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 486 (Tex.
App.--Dallas 1995, writ denied) (citing Bell v. Moores, 832 S.W.2d 749,
755 (Tex. App.--Houston [14th Dist.] 1992, writ denied)). We overrule
the remainder of Harmon's third point.
V. Time for
Discovery
In his second point, Harmon asserts
that there is no evidence in the record establishing that an adequate time for
discovery had passed before summary judgment was granted. Harmon filed suit on
August 31, 1999. On July 10, 2000, the trial court scheduled a hearing to
determine whether the case should be dismissed for want of prosecution.
Thereafter, trial on the merits was scheduled for March 26, 2001. On February
16, 2001, Harmon requested a continuance, which was granted. Trial was reset for
September 10, 2001. On August 30, 2001, Appellees filed an Agreed Motion for
Continuance, indicating that discovery was ongoing and that both sides wished to
postpone trial until the week of December 10, 2001. The trial court granted the
agreed motion, and set the case for trial on December 10, 2001.
By the time the motion for summary
judgment was heard, Harmon's suit had been on file for over two years. In any
event, because the case was set for trial on December 10, 2001, less than thirty
days from the date of the summary judgment hearing, the discovery period
prescribed by rule 190.3(b) had already expired. See Tex. R. Civ. P.
190.3(b)(1). We hold that an adequate time for discovery had passed. We overrule
Harmon's second point.
VI. The Motion for
Summary Judgment
In his first point, Harmon
complains that the trial court erred by granting Appellees' motion for summary
judgment. Appellees moved for summary judgment on both no-evidence and
traditional grounds. Because the trial court's judgment does not specify the
ground upon which summary judgment was granted, we will affirm the summary
judgment if it is supportable on any theory presented in the Appellees' motion. Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).
A. Standard of
Review
After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant's claim or defense. Tex. R. Civ.
P. 166a(i). The motion must specifically state the elements for which there is
no evidence. Id.; In re Mohawk Rubber Co., 982 S.W.2d 494,
497-98 (Tex. App.--Texarkana 1998, orig. proceeding). The trial court must grant
the motion unless the nonmovant produces summary judgment evidence that raises a
genuine issue of material fact. See Tex. R. Civ. P. 166a(i) cmt.; Moore
v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet.
denied); Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 71 (Tex.
App.--Austin 1998, no pet.).
A no-evidence summary judgment is
essentially a pretrial directed verdict, and we apply the same legal sufficiency
standard in reviewing a no-evidence summary judgment as we apply in reviewing a
directed verdict. Frazier v. Yu, 987 S.W.2d 607, 610 (Tex. App.--Fort
Worth 1999, pet. denied); Moore, 981 S.W.2d at 269. We review the
evidence in the light most favorable to the party against whom the no-evidence
summary judgment was rendered, disregarding all contrary evidence and
inferences. Szczepanik v. First S. Trust Co., 883 S.W.2d 648, 649 (Tex.
1994). If the nonmovant brings forward more than a scintilla of probative
evidence that raises a genuine issue of material fact, then a no-evidence
summary judgment is not proper. Moore, 981 S.W.2d at 269.
B. Law and
Application to Facts
1. The Response
Harmon filed a verified response to
Appellees' motion for no-evidence summary judgment and implied at the hearing
that, because of the verification, the trial court should view the statements
contained in the response as competent summary judgment proof.(2)
It is well settled that pleadings, even if sworn, are not competent summary
judgment evidence. Hidalgo v. Surety Sav. & Loan Ass'n, 462 S.W.2d
540, 545 (Tex. 1971); City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979). The response to a motion for summary judgment is no
exception. Trinity Universal Ins. Co. v. Patterson, 570 S.W.2d 475, 478
(Tex. Civ. App.--Tyler 1978, no writ); Nicholson v. Mem'l Hosp. Sys.,
722 S.W.2d 746, 749 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd
n.r.e.). Thus, the allegations in Harmon's response, even though verified, are
not probative evidence capable of precluding a no-evidence summary judgment.
2. Horger's Affidavit
The summary judgment proof attached
to Harmon's response includes the affidavit of Dave Horger, which states in
relevant part:

 My name is Dave Horger. I am
 capable of making this affidavit.
 
 I have represented the Plaintiff
 in his negotiations with Defendants as stated in Plaintiff's Response to
 Motion for Summary Judgment.
 
 I have read the foregoing
 Plaintiff's Response to Motion for Summary Judgment and the facts stated in
 the answer pertaining to my negotiations with the Defendants are true and
 correct and I have personal knowledge of the facts regarding those
 particular facts and further that I am competent to testify to the facts.

A verification attached to a
summary judgment response that the contents of the response are within the
affiant's knowledge and are true and correct is not sufficient to prevent
summary judgment. Tex. R. Civ. P. 166a(f); Webster v. Allstate Ins. Co.,
833 S.W.2d 747, 749 (Tex. App.--Houston [1st Dist.] 1992, no writ).
To effectively oppose a motion for summary judgment, the affidavit must itself
set forth facts and show that the affiant is competent to testify to those
facts. Id.; Keenan v. Gibraltar Sav. Ass'n, 754 S.W.2d 392,
394 (Tex. App.--Houston [14th Dist.] 1988, no writ). A bare,
self-serving statement that the affiant has personal knowledge of the facts will
not suffice. Coleman v. United Sav. Ass'n of Texas, 846 S.W.2d 128, 131
(Tex. App.--Fort Worth 1993, no writ). Rather, the affidavit must affirmatively
show "how the affiant became personally familiar with the facts so as to be
able to testify as a witness." Id. Affidavits that do not meet the
requirements of rule 166a will neither sustain nor preclude a summary judgment,
and are accorded no evidentiary consideration. Box v. Bates, 162 Tex.
184, 187-88, 346 S.W.2d 317, 319 (Tex. 1961).
Viewing Horger's affidavit in the
light most favorable to Harmon, we conclude that it does not meet the
requirements of a proper affidavit under rule 166a(f). First, the reference to
Horger's representation of Harmon "as stated in Plaintiff's Response"
is not sufficient to establish Horger's competency to testify to relevant facts.
But more importantly, the affidavit does not itself set forth facts in support
of Harmon's response; it merely attests to the correctness of factual
allegations contained within the response. Harmon acknowledged as much at the
hearing, stating that "Mr. Horger is attesting to [a] particular statement
contained in the response." Consequently, Horger's affidavit amounts to no
proof for purposes of preventing a no-evidence summary judgment.
3. The Documentary
Evidence
The remainder of Harmon's summary
judgment evidence consists of the March 2, 1994 deed of trust and real estate
lien note between Harmon and the bank, the January 16, 1997 modification
agreement, and the voluntary bankruptcy petition filed by Harmon on September 2,
1997. Having reviewed these documents, we conclude that they do not raise a
genuine issue of material fact as to any of the claims asserted by Harmon in his
original petition.
C. Conclusion
Viewing the evidence in the light
most favorable to Harmon, we conclude that Harmon failed to bring forward any
probative evidence that raised a genuine issue of material fact. The trial
court, therefore, had no choice but to grant Appellees' motion for no-evidence
summary judgment. See Tex. R. Civ. P. 166a(i). Accordingly, we hold
that summary judgment was proper and overrule Harmon's first point.
VII. Conclusion
Having overruled each of Harmon's
points, we affirm the trial court's judgment.
 
                                                                   
SUE WALKER
                                                                   
JUSTICE
 
PANEL B: HOLMAN, GARDNER, and
WALKER, JJ.
 
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.
2. Appellees urge us to disregard Harmon's response in its
entirety because it was filed without leave of court less than seven days before
the summary judgment hearing. See Tex. R. Civ. P. 166a(c). However, it
appears from the judgment granting Appellees' motion that the trial court
considered Harmon's response in making its determination. Therefore, we will
treat Harmon's response as properly filed and consider it in our analysis.