Edward R. BIRNBERG et ux., Appellants,

v.

Josephine B. SPARKS et al., Appellees.

No. 250.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 29, 1966.

Rehearing Denied Jan. 26, 1967.

Harold Alberts, Corpus Christi, for appellants.

Richard A. Hall, of Branscomb, Gary, Thomasson & Hall, Corpus Christi, for appellees.

## OPINION

GREEN, Chief Justice.

This suit was brought by appellants Edward R. Birnberg and wife against appellees for an injunction, declaratory judgment and damages based on conflicting claims concerning a 10 foot wide strip of land along the rear of appellants' home lot. At a hearing on motions for summary judgment filed by plaintiffs and defendants, the court entered its decree granting defendants' motion, and overruling plaintiffs'. This appeal is from such judgment.

Prior to July 15, 1952, Agnes Pope, a feme sole, owned a tract of land consisting of 63.289 acres in Corpus Christi, Texas. By deed dated July 15, 1952, she conveyed such tract to Jackson S. Ryan, Trustee, except that she retained to herself fee title to two parcels of land described by metes and bounds, and designated as First Tract of 3.07 acres and Second Tract of 3.62 acres. A vendors lien was retained on the property sold to secure the unpaid portion of the purchase price. The issues on this appeal particularly concern First Tract, title to which was kept by Agnes Pope, and title to which is claimed by appellees under deed from the Agnes Pope Estate, more fully explained hereafter, and a portion of the land conveyed to Ryan immediately south of said tract, designated Lot 7, Block 3, on the plat shown herein, owned by appellants.

On September 5, 1952, a plat of the 63.289 acres, including the land sold and that which was retained by Agnes Pope, was filed with the County Clerk of Nueces County, and placed on record in the Map Records of said county, Volume 14, page 43. It contains signed certificates of Jack Ryan, Trustee, Agnes Pope, and of W. W. McClendon, Registered Professional Engineer who surveyed this property and prepared the plat, and approval certificates of the Director of Public Works, Corpus Christi, Texas, of the Zoning and Planning Commission of Corpus Christi, and of the County Engineer of Nueces County, Texas, and the certificate of the county clerk that the plat was filed and recorded in her office as aforesaid. The plat shows the property to have been surveyed and subdivided as Pope Place, Subdivision Unit 1. A portion of this plat containing First Tract retained by Agnes Pope and Block 3 of Pope Place, a part of the property sold to Ryan, is incorporated herein. Also shown are the description and dedication certificates of Jack Ryan, Trustee, proved to be the same person as Jackson S. Ryan, Trustee, and Agnes Pope, which accompanied and were a part of the plat. Block A shown on the plat including the area marked Alley and

Planting Strip is the same property as First Tract, title to which was retained by Agnes Pope, such having been established by the affidavit of surveyor W. W. McClendon.

*Know all men by these presents*

STATE OF TEXAS
COUNTY OF NUECES

I, JACK RYAN, Trustee, do hereby certify that I am the sole owner, subject to a lien in favor of AGNES POPE, of all lands embraced within the boundaries of POPE PLACE SUBDIVISION UNIT 1, save and except that portion described as Blocks A & B as shown on the foregoing map of said subdivision, said subdivision being a subdivision of the City of Corpus Christi, Texas; that I have had said land surveyed and subdivided as shown on the foregoing map; that all streets and park as shown within said subdivision and the 15' strip of land along So. Staples Street adjacent to Blocks 1, 10 and 13 are dedicated to public use forever; that easements for public utilities as shown on said map are dedicated to the public for the installation, operation and use of public utility services; that restrictive covenants applying to said subdivision, save that portion described as Blocks "A" and "B" are shown by separate instrument, executed by me the 5th day of September 1952. The said foregoing map of POPE PLACE UNIT 1 is made for the purpose of description and dedication. This 5th day of September, 1952.

*Jack Ryan*
JACK RYAN, Trustee

STATE OF TEXAS
COUNTY OF NUECES

I, AGNES POPE, a feme sole, do hereby certify that I am the sole owner, free of all liens, of the lands described as Blocks "A" and "B", POPE PLACE SUBDIVISION UNIT 1 as shown on the foregoing map of said subdivision and that I am the holder of a lien against that portion of POPE PLACE SUBDIVISION UNIT 1 that JACK RYAN, Trustee, is owner; that I have had said Blocks "A" and "B" of said subdivision surveyed and subdivided as shown on said foregoing map; that the 15' strip of land along So. Staples Street adjacent to Block "B" is dedicated to the public for street purposes; that restrictive convenants applying to said Blocks "A" and "B" of said subdivision are shown by separate instrument executed by me the 5th day of September 1952 and that the said foregoing map of Blocks "A" and "B" POPE PLACE SUBDIVISION UNIT 1 is made for the purpose of description and dedication; that as the holder of a lien against the said portion that JACK RYAN, Trustee, is owner, I approve the subdivision and dedication of same for the purposes therein expressed. This the 5th day of September, 1952.

*Agnes Pope*
AGNES POPE

By written instrument filed December 5, 1952, and recorded in Vol. 574, page 442, Deed Records of Nueces County, Texas, Jack Ryan, Trustee, made reference to the plat and gave notice of the subdivision of the property purchased by him into lots and blocks with intervening streets, avenues, drives, parks, parkways and easement ways, for the purpose of creating a high-class, restricted residential section and addition. This instrument contained many restrictions and conditions concerning the use of lots in said subdivision, and provided that "Nothing in these restrictions shall be taken to apply to Blocks 'A' and 'B' designated as Retail Area which blocks are under separate ownership." In addition to the signature and acknowledgment of Jack Ryan, Trustee, this instrument was signed and acknowledged by Agnes Pope in the following language:

"THE STATE OF TEXAS ⎫
COUNTY OF NUECES   ⎬  KNOW ALL MEN BY THESE PRESENTS:
                    ⎭

That, AGNES POPE, a feme sole, the mortgagee of the property described in the above and foregoing restrictions and known as POPE PLACE, UNIT I, an addition to the City of Corpus Christi, in the County of Nueces, and State of Texas, does hereby RATIFY AND CONFIRM in all things the foregoing limitations, restrictions and covenants affecting said POPE PLACE, UNIT I, and does, by these presents subordinate any and all liens held by her upon said property to said limitations, restrictions and covenants. And the said Agnes Pope, as mortgagee, does furthermore adopt and in all things CONFIRM the dedication of streets and avenues as shown on the plat of said Pope Place, Unit I.

IN TESTIMONY WHEREOF, witness the hand of the said Agnes Pope, a feme sole, *acting herein by and through its officers hereunto duly authorized,* this 4th day of December, A. D. 1952.

/s/ Agnes Pope

"THE STATE OF TEXAS ⎫
COUNTY OF NUECES   ⎬   BEFORE ME, the undersigned authority, a Notary Public in and for Nueces County, Texas, on this day personally appeared AGNES POPE, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that the same was the act of the said Agnes Pope and that she executed the same for the purposes and consideration therein expressed, and in the capacity therein stated.

GIVEN under my hand and seal of office, this 4th day of December, A. D. 1952.

/s/ Georgia Louise Neuner
Notary Public in and for Nueces County,
Texas
(GEORGIA LOUISE NEUNER)"

(Seal)

———————◆———————

This written instrument contains the following provisions specifically pleaded by plaintiffs:

"b. '9. All easements and planting strips adjacent to lots in any and all blocks may be used as driveways or for rear entrances in addition to the use of same as easements or planting strips.'

"c. '12. All improvements shall be constructed on the lots so as to front the

street ....... except that entrances to garages on all lots may enter either from the front or side street or alley. * * *'

"e. 'PLANTING STRIPS. Planting strips are designated for the benefit of adjacent owners and the upkeep of them shall be the responsibility of said owners and the use or uses of same shall be granted to abutting owners for the same purposes as set out for easements.' "

Appellants own as their home Lot Seven (7) Block Three (3) Pope Place, Unit No. 1, and the rights and appurtenances thereto in anywise belonging. The deed dated October 12, 1953, by which they secured title made reference to the map recorded in Volume 14, page 43, map records of Nueces County for more particular description. See plat incorporated here for location of this lot within the bounds of the property conveyed to Jack Ryan, Trustee, and for its relation to First Tract, or Block A, and to the Planting Strip.

Prior to the purchase of this lot by appellants, Jack Ryan, Trustee, and Agnes Pope caused to be erected a wooden fence which ran along the southeast, south and southwest sides of the 20 foot area marked Alley on the plat, which fence except for damage to it during hurricane remains standing. The construction of this fence was alleged as a fact in appellants' sworn petition, and confirmed by appellees in their answer, in which they ask for order of the court permitting them to remove same.

Appellees are the owners of Block A except Lot 12, having acquired title from the Agnes Pope estate by deed dated February 8, 1965 to "All of Block 'A', Pope Place Unit 1, Save and Except Lot No. Twelve (12), a subdivision of the City of Corpus Christi, Texas, according to the map or plat thereof, recorded in Volume 14, page 43, Map Records of Nueces County, Texas", which deed further states "This grant is made expressly subject to any valid and subsisting restriction which may now be outstanding of record against said property."

Appellants in their sworn pleadings alleged their title to Lot 7, Block 3, and plead easement and user rights in the planting strip and alley by virtue of the recorded plat and the covenants contained in the written instrument filed December 5, 1952, executed by Ryan and Agnes Pope and heretofore referred to. They alleged that appellees threatened to remove the fence separating the alley from the planting strip, and replace it between appellants' north line and the south edge of the planting area, thus depriving appellants of access to or use of said 10 foot strip. They sought a declaratory judgment as to their beneficial rights in said 10 foot strip, and an injunction enjoining appellees from exercising control over the planting strip and from depriving appellants of the rights to use same, from moving the fence, and for damages. By supplemental petition sworn to by plaintiff Edward R. Birnberg they alleged limitation title to such 10 foot strip adjoining their lot by reason of the 3, 5, and 10 year statutes. In a second supplemental petition, sworn to by appellants' attorney, they plead estoppel against the heirs, devisees, assignees and grantees of Agnes Pope by reason of the deed restrictions and conveyance by reference to said plat and restrictions to deny the right of user of said planting strip to appellants; and also that the alley is the dividing line between Block A and Block 3. We consider this second supplemental petition as a pleading only, and not as evidence, since it does not contain statements of facts which the affiant would be qualified as a witness to substantiate on a trial of the case. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317.

Appellees answered pleading their title to Block A, including the area marked planting strip and alley, except Lot 12, and affirmed their intention, subject to the order of the court, to remove the fence to the north boundary of appellants' lot.

The trial court in granting appellees' motion for summary judgment decreed that appellants (plaintiffs) recover nothing by reason of their various claims, and that as to

such claims appellees go hence without day; he further adjudged that the property retained by Agnes Pope in her deed to Ryan is not subject to the terms, provisions, dedications, restrictions or provisions for easements contained in the instrument executed by Jack Ryan, Trustee November 18, 1952 and acknowledged by Agnes Pope as mortgagee December 4, 1952, heretofore mentioned in this opinion, and that appellees are entitled to move, remove or rebuild any fence or fences located on the platted planting strip shown on the plat a portion of which is incorporated herein.

■ Appellants' first point of error is to the effect that the trial court erred in refusing their motion and in granting appellants' motion for summary judgment because of their pleading and proof of limitation title. Appellants offered no evidentiary facts sufficient to establish a limitation title, or even raise a fact issue, although the burden was on them to do so. There was neither allegation nor evidence as to when appellants moved onto Lot 7, or when they commenced making it their home, or how long they had occupied same. There was no factual evidence of any occupancy of or use of the planting strip at any time, nor was there any clear and satisfactory proof of a claim thereto adverse to the rights of others. Their first supplemental petition sworn to on personal knowledge by plaintiff Edward R. Birnberg states mere legal propositions and conclusions in the words of the appropriate statutes. For example, their sole evidence of a ten year limitation title is the allegation, after describing the strip,

" * * * they have had peaceable, continuous and adverse possession of such lands and tenements, cultivating, using and enjoying the same for more than ten (10) years after Defendants' alleged cause of action accrued or their Grantors' cause of action accrued and before the commencement of this suit, during which period these Plaintiffs have had such lands and tenements actually enclosed."

The statements of their claims under the three and five year statutes are equally general.

■ The terms "peaceable", "continuous" and "adverse possession" are legal conclusions, and although permissible under the statute as pleadings, they are required to be sustained by evidence of facts. Orsborn v. Deep Rock Oil Corp. et al., 153 Tex. 281, 267 S.W.2d 781, 787; Cook v. Winter, Tex. Civ.App., 207 S.W.2d 145, writ ref. n. r. e. An affidavit based on legal conclusions and containing insufficient fact testimony to raise an issue of fact will not warrant the overruling of opponent's motion for summary judgment. Rule 166–A(e); Box v. Bates, Tex.Sup.Ct., supra. Appellants' first point is overruled.

Appellants in their second, third, fourth, and fifth points of error and the statements and arguments thereunder assign as error of the trial court in overruling their motion for summary judgment, and in granting appellants' motion the propositions of estoppel of appellees as grantees from Agnes Pope to deny their rights in the planting strip; of the plat making the alley the dividing line between Block A and Block 3; and of easement rights in said strip being acquired by reason of the deed restrictions and covenants and the recorded plat. We shall first consider these points and the statements and arguments thereunder as they bear on the assigned error of the court in granting appellees' motion for summary judgment.

The affidavit of W. W. McClendon, the surveyor who surveyed and platted Pope Place Subdivision Unit No. 1, established without controversy that the area designated Planting Strip and Alley on the plat were within the boundaries of First Tract, title to which was retained by Agnes Pope. Hence any easement or rights of user to such areas which plaintiffs-appellants may have secured by reason of the recorded plat and the restriction covenant document would have to come to them by virtue of the actions of Agnes Pope, since Ryan acting

alone could not convey any rights to property not owned by him.

■ The burden of proving that there was no genuine issue as to a material fact was upon appellees, and all doubts as to the existence of such genuine fact issue must be resolved against appellee, the movant for summary judgment. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., Tex., 391 S.W.2d 41.

The evidence discloses that Agnes Pope and Jack Ryan, Trustee, acted together in the matter of developing this property from acreage to a fully platted subdivision. She sold the land to him, keeping title to two tracts totalling 6.69 acres in herself, and retaining the vendors lien on the property sold. Ryan's land was to be developed as choice residential property, while her parcels were relieved of such restrictions so that they could be sold as retail business property. All of the property of both parties was surveyed by McClendon and platted together on the one map, and Ryan's land and Agnes Pope's land as so platted became Pope Place, Subdivision Unit No. 1. All parties to this suit depend for their asserted rights on the same plat, recorded in Volume 14, page 43, Map Records of Nueces County, Texas. The certificates of Jack Ryan as owner of Pope Place except Blocks A and B, and of Agnes Pope as owner of Blocks A and B and mortgagee of the remainder of Pope Place as written and acknowledged on the plat have already been copied herein. Lots 1 to 11 inclusive, Block A as platted abut to the south and southeast on a 20′ wide area marked Alley; and a broken line shown by the evidence to be a fence placed there by Ryan and Agnes Pope separates the alley from a 10′ wide area designated Planting Area. This last strip lies adjacent to Block 3 of Ryan's property, and to Lot 7 owned by appellants.

The certificates of Ryan and of Agnes Pope on the plat each refer to restrictions and dedications dated September 5, 1952. The record contains no instrument of that date; however it does contain the document heretofore mentioned executed by Jack Ryan Trustee on November 18, 1952 and by Agnes Pope on December 4, 1952, and recorded in Volume 574, page 442, Deed Records, Nueces County, Texas. This instrument expressly refers to use by abutting owners of easements and planting strips in the language heretofore quoted. Since there are only two areas in the plat of Pope Place marked for use as planting strips, and both are on the boundary line and within the areas retained by Agnes Pope, one in Block A and the other in Block B, these are of necessity the planting strips to which the instrument referred. The southerly edge of the area marked Alley in Block A adjoins the planting strip, and is separated from it by the heretofore mentioned fence, so it is a fact issue as to whether or not the term "abutting owners" as used in the document referred to owners of lots in Block 3. Neither Block A nor Block B as subdivided on the plat have any lots abutting on the planting strips shown therein.

■ It is well settled that if one owning land exhibits a map of it on which a street, park, alley or other easement way is clearly defined, and building lots be sold by him with reference to a location on such street, park, alley or other easement, this operates as an immediate dedication, and such place becomes charged with servitude incident to such easement. Dykes v. City of Houston, Tex., 406 S.W.2d 176, 181; Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849; Manziel v. Railroad Commission, Tex.Civ. App., 197 S.W.2d 490, writ ref. As stated in Judge Pope's concurring opinion in Dykes, supra, the purchasers of the lots have rights with reference to the plat which are not shared by the public at large.

It is stated in Drye v. Eagle Rock Ranch, Inc., Tex.Sup.Ct., 364 S.W.2d 196, 209, that the owner of land under some circumstances may be estopped to deny the existence of an easement by making representations which have been acted upon by a purchaser to his detriment; and estoppel in

pais is not necessarily dependent upon a dedication, and may arise and exist independent of it, citing Harrison v. Boring, 44 Tex. 255 at page 266; Wolf v. Brass, 72 Tex. 133, 12 S.W. 159; 3 Tiffany Real Property (3rd ed.) 312 et seq., Easements § 800. See also City of Dallas v. Crow, Tex.Civ.App., 326 S.W.2d 192, on rehearing, 197, writ ref. n. r. e.

It is true, as stated by appellees, that appellants did not buy their lot from Agnes Pope, and that their grantor did not own the land upon which the easement is alleged to exist. Appellees further argue that the restrictive covenant agreement by its very terms did not apply to Block A. However, since we are passing upon a summary judgment, and are determining whether the trial court's construction of the plat and written document as a matter of law is correct, and that no fact issues exist which could cause it to be construed more advantageously to appellants, we must consider the actions and intent of Agnes Pope in the light most favorable to appellants. Considering the joint actions of Ryan and Agnes Pope as heretofore stated, and all other facts and circumstances in evidence, we find that genuine fact issues do exist concerning the intent of Agnes Pope with reference to the platting of her property in question, and the matter of estoppel of appellees as grantees who purchased their property with express reference to the plat in question and subject to any valid, subsisting restrictions which may have been outstanding of record against the property from denying the asserted rights of appellants to use of the planting strip.

It may be conceded that the restrictive covenant is capable of the interpretation placed on it by the trial court. We feel that reasonable minds, considering all of the evidence, might also reach a different construction. In forming our conclusion as to the existence of fact issues, we consider among other factors the following: Agnes Pope is the common source of title to all parties to this suit; the close cooperation with and joint action with which she and Jack Ryan Trustee worked to get this property platted and placed on the market as one subdivision evidenced by one duly recorded plat; the fact that she presumably knew that residential lots in Pope Place Subdivision Unit No. 1, and particularly lots in Block 3 adjoining the planting area would be sold by reference to the recorded plat; the fact that appellants' property was bought by reference to the plat, as also was appellees' property; the fact that the wooden fence was constructed with her agreement on the southern and southeastern edge of the area marked Alley so as to leave a 10 foot strip of her property between the alley and the property line of Block 3 and was so platted on the map; all other facts as shown by the plat of Block A; the fact that paragraph 22 of the restrictive covenant agreement provided only that nothing in the restrictions shall be taken to apply to Blocks A and B, designated as Retail Area under separate ownership, and, since the restrictions under the subhead containing such paragraph dealt with residential use as distinguished from business use, it could have been intended that paragraph 22 referred only to such nonbusiness use restrictions. We find such interpretations feasible especially since under the heading "Planting Strips" it was provided that "Planting strips are designated for the benefit of adjacent owners and the upkeep of them shall be the responsibility of said Owners and the use or uses of same shall be granted to abutting owners for the same purposes as set out for easements. All subject to other uses and restrictions as may be set out elsewhere herein." As shown by the plat, there were no lots in Block A which abutted on the area designated Planting Strip. Although Agnes Pope signed and acknowledged this document as mortgagee, she was at the same time owner of Block A, and presumably knew that the references to the planting strip necessarily concerned her property. We feel that due to the evidence concerning her relationship to and involvement in all of Pope Place Subdivision Unit No. 1, a fact issue exists as to whether she and her grantees are bound by the provi-

sions concerning the easements and planting area abutting the property of appellants.

We hold that the record does not show *as a matter of law* that Agnes Pope, when she executed her certificate attached to the recorded plat and executed and acknowledged the written document in evidence did not intend that purchasers of lots in the same position as appellants acquired no easement rights in the adjoining area denoted "Planting Strip"; nor does it establish *as a matter of law* that she, her heirs or assigns should not be estopped from denying the appellants such rights.

The trial court erred in granting appellees' motion for summary judgment. Due to the presence of material fact issues, appellants' motion for summary judgment was properly overruled.

Judgment reversed and remanded.