**WEST COAST MINING, INC. et al.,**
Appellants,

v.

**SECURITY NATIONAL BANK OF LUB-
BOCK, TEXAS, Appellee.**

No. 7941.

Court of Civil Appeals of Texas.

Amarillo.

May 12, 1969.

Rehearing Denied June 9, 1969.

Howard, Tucker & Waller, Hurley & Sowder, Lubbock, for appellants.

Smith & Baker, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a summary judgment case. Security National Bank of Lubbock, Texas, brought suit against West Coast Mining, Inc., T. J. Kirklen, J. R. Carpenter, Raymond M. Burton and Melvin H. Wilson to recover upon a promissory note pleaded as being given in renewal and extension of prior notes given to the plaintiff. This suit was filed July 17, 1968. All of the defendants except Melvin H. Wilson filed a general denial on July 5, 1968. Melvin H. Wilson filed a general denial on July 18, 1968. On August 1, 1968, plaintiff filed a motion for summary judgment and the

court set September 4, 1968, as the date to hear such motion. On September 3, 1968, the court reset the motion for hearing for October 7, 1968. On October 7, 1968, all of the defendants except Melvin H. Wilson filed their first amended original answer. The filing of this answer was not prior to the day of hearing as provided by Rules of Civil Procedure, rule 166–A(c).

On October 30, 1968, the court granted summary judgment in favor of the plaintiff for the principle of said note with 10% interest from November 30, 1967 until the judgment paid and 10% of the principle and interest as attorneys' fees. From that judgment all of the defendants, except Melvin H. Wilson, perfected this appeal. Melvin H. Wilson did not appeal.

Appellants present this appeal upon two points of error contending the court erred in granting the motion for summary judgment because there was a genuine issue of fact raised by the pleadings, and that the pleadings raised genuine fact issues which they were entitled to have determined by the triers of fact.

Appellants filed a general denial and further pleaded that there was no consideration for the execution of the note, and that there was a failure of consideration in that if said note was executed it was executed in consideration of a promise by the plaintiff to handle the funds from said note in a certain manner, and the plaintiff wholly failed to carry out such promise, and therefore, such consideration failed. It is to be noticed here, according to the pleadings, that the note was given in renewal of other notes previously given to the plaintiff and no money was transferred by such procedure on the execution of the note here in question. There is no question that failure of consideration is a defense in action upon a negotiable instrument, and it is also true that an antecedent or pre-existing debt constitutes value. Art. 5933, Vernon's Ann. Texas Civil Statutes; Moser et al. v. John F. Buckner & Sons, Tex.Civ.App., 320 S.W.2d 900 (n. r. e.).

The answer does not specifically deny the note sued upon was given as a renewal and extension of prior notes given to the plaintiff and was for value received. Neither do the appellants plead why they executed the note if there was no consideration and do not deny signing the note, nor do they deny their signatures on the note. The affidavit contains nothing more than conclusions and neither did it show affirmatively that affiant was competent to testify to matters stated therein.

It was held in Birnberg et al. v. Sparks et al., Tex.Civ.App., 410 S.W.2d 789 (n. r. e.) that an affidavit based on legal conclusions and containing insufficient fact testimony to raise an issue of fact will not warrant the overruling of opponent's motion for summary judgment, there citing Rule 166–A(e); Box v. Bates, 162 Tex. 184, 346 S.W.2d 317.

The affidavit attached to appellants' answer does not show that the affiant was competent to testify to the matters stated in the answer. It is stated in Melody v. Texas Society of Professional Engineers, Tex.Civ.App., 421 S.W.2d 693 (n. w. h.) as follows:

"Moreover, the affidavits offered by appellant to oppose the motion for summary judgment are not entitled to consideration here for two reasons. First, they do not 'show affirmatively that the affiant is competent to testify to the matters stated therein,' in that they do not show that they were 'made on personal knowledge,' all as required by subdivision (e) of Rule 166–A, Vernon's Texas Rules of Civil Procedure. Lawyers Surety Corp. v. Sevier, 342 S.W.2d 604, 607 (Tex.Civ.App., Dallas 1961, no writ), cited with approval in Box v. Bates, 162 Tex. 184, 188, 346 S.W.2d 317, 319 (1961)."

See also Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 where it is stated:

"Defendants argued in the Court of Civil Appeals that summary judgment for the plaintiff was improper because

they had alleged conditional delivery. There is no merit in this contention. When facts entitling the moving party to prevail have been established by affidavits, deposition testimony or admissions, the motion for summary judgment will not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be rendered. See Gulf, Colorado & Santa Fe Railway Co. v. McBride, Tex., 322 S.W.2d 492, under the provisions of the Negotiable Instruments Act, the note in plaintiff's possession is presumed to have been delivered for the purpose of giving effect to the instrument until the contrary is proved. Art. 5932, Sec. 16, Vernon's Ann.Tex.Civ. Stat.; Anderson v. Ladd, 131 Tex. 479, 115 S.W.2d 608. If the defendants expected to defeat the motion for summary judgment by showing an issue of fact as to whether the note was conditionally delivered, it was incumbent upon them to come forward with 'evidence' sufficient to raise that question."

We have carefully considered both of appellants' points of error and overrule both of them. The judgment of the trial court is affirmed.