**SALT WATER RESOURCES, Appellant,**

v.

**KIRKPATRICK & O'DONNELL CONSTRUCTION EQUIPMENT COMPANY, Appellee.**

**No. 05–84–01165–CV.**

Court of Appeals of Texas, Dallas.

May 7, 1985.

court did not abuse its discretion in overruling the motion for new trial.

Affirmed.

■

S. Reese Rozzell, Rockport, for appellant.

Richard B. Seward, Farmersville, for appellee.

Before GUITTARD, C.J., and CARVER and STOREY[1], JJ.

GUITTARD, Chief Justice.

■ Kirkpatrick & O'Donnell Construction Equipment Company recovered a judgment by default against Salt Water Resources, Inc. in a suit on a promissory note. Defendant Salt Water filed a motion for new trial alleging "the meritorious defense of failure of consideration." Attached to the motion is an affidavit of defendant's president stating: "Further, no consideration was received, in whole or in part by Salt Water Resources, Inc." This statement is a legal conclusion unsupported by any specific facts. *See Hidalgo v. Surety Savings and Loan Association*, 487 S.W.2d 702 (Tex.1972). Consequently, it is insufficient to "set up" a meritorious defense. *Ivy v. Carrell*, 407 S.W.2d 212 (Tex. 1966); *compare Ward v. Nava*, 488 S.W.2d 736 (Tex.1972) (where the court found sufficient facts to raise a defense).

■ Because of the insufficiency of the motion, the judge was not required to hear evidence, but he did so. Plaintiff presented evidence of a preexisting debt, which was sufficient consideration for the note. TEX.BUS. & COM.CODE ANN. § 3.408 (Tex.UCC) (Vernon 1968); *see also West Coast Mining, Inc. v. Security National Bank of Lubbock, Texas*, 442 S.W.2d 821, 822 (Tex.Civ.App.—Amarillo 1969, writ ref'd n.r.e.). Therefore, the

1. The Honorable Charles H. Storey, Justice, Fifth Supreme Judicial District, Retired, sitting