**BARLITE, INC., d/b/a Barrett Industries,**
**Appellant,**

**v.**

**TRINITY UNIVERSAL INSURANCE**
**COMPANY, Appellee.**

No. 14446.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 2, 1966.

Rehearing Denied March 9, 1966.

Moursund, Ball & Young, San Antonio, for appellant.

Dayton G. Wiley, Lewin Plunkett, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from a take-nothing summary judgment. Appellant, Barlite, Inc., d/b/a Barrett Industries, brought suit against appellee, Trinity Universal Insurance Company, and Alvin Frieden on an account to recover for concrete which went into the construction of the Tradewinds Apartment project. Frieden, as contractor, entered into a written contract with F. B. & D., Inc., a Texas corporation of which Frieden was president, to construct this project for the sum of one million dollars pursuant to certain plans and specifications. Trinity executed a statutory payment bond on behalf of Frieden in the penal sum of one million dollars for the stated purpose of the owner complying with Art. 5472d, Vernon's Ann.Civ.St.

Appellant's claim against Frieden was severed. Appellant and appellee each filed motions for summary judgment and, after hearing same, the trial court entered judgment that appellant recover nothing from appellee on this payment bond.

The contract and bond were executed on August 15, 1962. On August 29, 1962, the concrete was ordered from appellant by a letter signed by Frieden as president of F. B. & D., Inc., and by Joe P. Martinez, Inc., stating in part: "Our firm has contracted with Joe P. Martinez, Inc., for certain foundation work on an apartment house commonly known as Tradewinds Apartments, * * *. Because of banking and bonding requirements it has become necessary that our firm buy and be billed for, directly, any concrete to be used in these foundations."

It was stipulated that the concrete involved herein was used in the construction of the Tradewinds Apartment project. No issue was raised concerning the notice of claim given by appellant. The question presented is whether appellee, as surety on this statutory bond, is liable for the concrete which was supplied direct to the owner and not to the original contractor.

This question involves a construction of "The Hardeman Act," Arts. 5452–5472d, Vernon's Ann.Civ.St., which was enacted by the 57th Legislature effective August 28, 1961. This act made a major revision of the private lien laws and attempts to provide simple procedures for protecting the

owner of the project and those who labor or furnish materials used in construction of the project. See Baker, "The New Mechanics and Materialmen's Lien Law," 26 Tex.B.J. 1009; Alvis & Carssow, "Supplementary Commentary—Mechanic's Liens in Texas," 16 Vernon's Ann.Civ.Stats., 1965 P.P. 3.

Under the terms of Art. 5472d, when a bond with corporate surety is furnished by an original contractor in a penal sum of not less than the contract amount, it constitutes claimant's only statutory security—replacing the lien claim on the property. The owner is required to give written approval of the bond and to file same, together with written contract with the County Clerk of the county where the property is located. This was done in this case.

Art. 5452, subd. 2(e) of this act defines an "original contractor" as one contracting with an owner, directly or through his agent. The definition specifically recognizes that there may be one or more original contractors on a project. The only reasonable interpretation of this act is that in such instances each "original contractor" would be required to furnish a statutory bond covering his contract, in order to protect the owner for work performed or materials furnished under this particular contract. The statute clearly ties the bond to the contract and requires both to be filed of record. It thus would not protect those laborers and/or materialmen performing services or furnishing material under the contract of another original contractor.

This construction is consistent with the definition of "subcontractor" set forth in Art. 5452, subd. 2(f) as any person who has furnished labor or materials to fulfill an obligation to an original contractor or to a subcontractor to perform all or part of the work required by an original contract.

This construction is also consistent with the plain language of appellee's bond. The

bond is conditioned that there is no obligation on the part of the surety if the principal shall promptly pay the designated claimants for "materials performed or furnished under or by virtue of said contract."

We have found no Texas case construing the statutory payment bond. Appellee cites the Kansas case of Murphree v. Trinity Universal Ins. Co., 176 Kan. 290, 269 P.2d 1025 (1954), where recovery was denied to three claimants who sought to recover on a bond authorized by Kansas law. This statute protected only subcontractors, and the trial court found that these claimants were relying on a contract made with the owner and not the contractor as required by law. (Another Kansas statute, which was not urged by the claimants, protects persons who contract with the owner.) The appeal was from a trial on the merits and the Supreme Court observed that there was nothing in the record to indicate that the owner was acting as the agent of the contractor. Further, there was no showing that the work performed was an obligation of the contractor.

We conclude that appellee is liable under its statutory payment bond, only to claimants who have given proper notice, for all labor, subcontracts, materials and specially fabricated materials performed or furnished in carrying out Frieden's contract. This being a summary judgment proceeding, the burden was upon appellee to establish by uncontradicted evidence that appellant's concrete was not so furnished, and there are no presumptions in favor of the validity of this take-nothing summary judgment. Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557 (1962); Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952).

The plans and specifications which were made a part of Frieden's contract were not introduced in evidence. Appellee had this duty in the summary judgment proceeding. In any event, a fact issue was

raised as to whether the concrete furnished by appellant was furnished to fulfill Frieden's obligation under the contract. There is no evidence to show the relationship between Frieden, Joe P. Martinez, Inc., and F. B. & D., insofar as the foundation work was concerned. There is no evidence as to what "banking and bonding requirements" caused F. B. & D. to contract directly for this work. There is no evidence which would establish that in doing so F. B. & D. was not acting for Frieden. The close relationship between Frieden individually and as president of the corporation certainly raises such an inference. Further, a letter of September 3, 1963, to the company handling this project, which recognized this indebtedness, shows the signature of Alvin Frieden between the typed name of the corporation and his own name, without designating him as president.

Appellee did not establish conclusively that the concrete sued on herein was not furnished to fulfill an obligation of Frieden under the contract which was made a part of appellee's bond. These fact issues must be resolved by a trial on the merits.

The judgment is reversed and the cause remanded.