TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,

v.

BARLITE, INC., d/b/a Barrett Industries, Appellee.

No. 14637.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 10, 1968.

Rehearing Denied Feb. 14, 1968.

Wiley, Thornton & Plumb, San Antonio, for appellant.

Moursund, Ball & Young, San Antonio, for appellee.

KLINGEMAN, Justice.

This case has heretofore been before us on an appeal from a take-nothing summary judgment rendered against Barlite, Inc., d/b/a Barrett Industries, herein called Barlite, in favor of Trinity Universal Insurance Company, herein called Trinity. On such former appeal, which is reported in 400 S.W.2d 405 (1966, writ ref'd n. r. e.), this Court held that there were certain fact issues which must be resolved, and reversed and remanded the case to the trial court.

Barlite initially instituted suit against Trinity and Alvin Frieden on an account to recover for concrete which went into the construction of the Tradewinds Apartment project. The claim against Frieden was severed.

Under date of August 15, 1962, Frieden, as contractor, entered into a written contract with F. B. & D., Inc., as owner, for the construction of the Tradewinds Apartment project for a consideration of One Million Dollars, in accordance with certain plans and specifications prepared by De Verne Kittles, an architect, which contract specifically provided that the contractor should furnish all material and perform all the work set forth in the plans and specifications which were made a part of such contract. Trinity on the same date executed a statutory payment bond on behalf of Frieden in the penal sum of One Million Dollars, the amount of the total contract price, conditioned that if Frieden should promptly pay claimants, for all labor, subcontracts, materials, and specially fabricated materials, performed or furnished under or by virtue of said contract and duly authorized normal and usual extras thereto (not to exceed 15% of said contract price), such obligation should then be void.

The concrete involved in this suit was ordered from Barlite by a letter dated August 29, 1962, signed by Frieden as president of F. B. & D., Inc., and by Joe P. Martinez, Inc., a subcontractor, which stated in part: "Our firm has contracted with Joe P. Martinez, Inc., for certain foundation work on an apartment house commonly known as Tradewinds Apartments, * * *. Because of banking and bonding requirements it has become necessary that our firm buy and be billed for, directly, any concrete to be used in these foundations."

Trial on the merits was by the court, without a jury. The court entered judgment for Barlite against Trinity in the sum of $13,441.19, and an attorney's fee in the sum of $2,500.00, the parties having entered into a stipulation that if Barlite was entitled to recover, it was also entitled to recover a reasonable attorney's fee to be determined by the court from the pleadings on file and the nature of the suit, without further evidence.

Trinity's primary contention on this appeal is that since the concrete was sold directly to the owner and not to the contractor that Barlite could not recover on the payment bond given by Trinity with Frieden as principal. This same contention was asserted by Trinity on the previous appeal, and this Court in its opinion said: "The question presented is whether appellee (Trinity), as surety on this statutory bond, is liable for the concrete which was supplied direct to the owner and not to the original contractor." After a comprehensive discussion of "The Hardeman Act." Arts. 5452–5472d, Vernon's Ann.Civ.St., and a review of the payment bond involved in this case, this Court stated: "We conclude that appellee is liable under its statutory payment bond, only to claimants who have given proper notice, for all labor, subcontracts, materials and specially fabricated materials *performed or furnished in carrying out Frieden's contract.*" (Emphasis added.)

It is undisputed that the concrete involved herein was used in the construction of the Tradewinds Apartment project, and there is no issue concerning the notice of claim

given by Barlite. The plans and specifications which were made a part of Frieden's contract were introduced into evidence, and the architect, Kittles, testified that the Tradewinds Apartments were built according to such plans and specifications. The trial court in its findings of fact and conclusions of law found, among other things, that Barlite supplied concrete at agreed prices for the construction of the Tradewinds Apartments in the total sum of $11,172.92; that all concrete supplied by Barlite was used in carrying out the work provided for in Frieden's contract of August 15, 1962; that no part of the penal sum of said bond had been paid for extras; and that although concrete was sold on said Tradewinds job to F. B. & D., Inc., same was an obligation of Frieden under the construction contract and that he remains liable thereunder. Such findings are sufficiently supported by the record.

Art. 5452, subd. 2(f), defines a subcontractor as "any person or persons, firm or corporation who has furnished labor or materials * * * to fulfill an obligation to an original contractor or to a subcontractor to perform all or part of the work required by an original contract." Under the statute the words "material," "furnish material" or "material furnished" are defined as "any part or all of the following: (1) Material, machinery, fixtures or tools incorporated in the work, or consumed in the direct prosecution of the work, or ordered and delivered for such incorporation or such consumption." The statute clearly ties the bond to the contract and requires both to be filed. Trinity's bond, which is for the full amount of the contract, is conditioned that there is no obligation on the part of the surety if the principal shall pay the designated claimants for "materials * * * furnished under or by virtue of said contract." There is no evidence in the record of any modifications, alteration, or change in the contract dated August 15, 1962, between Frieden and F. B. & D., Inc. The holding of the trial court correctly construes the applicable statutes under the rec-

ord in this cause, and it is in accord with the opinion of this Court on the former appeal. Trinity's Points of Error Nos. 1, 2, 3 and 4 are overruled.

In view of our holding herein, we do not deem it necessary to pass upon Trinity's other point of error, that the trial court erred in finding as a conclusion of law that Trinity is estopped to assert the direct contractual relationship between Barlite and F. B. & D., Inc., as a defense to Barlite's claim.

The judgment of the trial court is affirmed.