**BLACKMON & ASSOCIATION, INC., et al., Appellants,**

v.

**HOUSTON MATERIALS CO., Appellee.**

No. 16270.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 7, 1974.

Christopher, Bailey & Taylor, M. Ward Bailey, Fort Worth, for appellants.

Monteith, Baring & Nester, Barney L. Knight, Houston, for appellee.

COLEMAN, Chief Justice.

This is a suit by a materialman supplying a subcontractor against an original contractor and the corporate surety on an Art. 5472d, Vernon's Ann.Civ.St. performance bond.

This case was tried to the court without a jury. Judgment was entered for the plaintiff. Findings of fact and conclusions of law were filed.

There is no evidence in the record that the materials furnished by the plaintiff, Houston Materials Company, to Ed-Lee Construction Company were incorporated in the work required by the contract between the owner and the original contractor, or the contract between the original contractor, Blackmon & Associates, Inc., and Ed-Lee Construction Company; that such material was consumed in the direct prosecution of the work, or ordered and delivered for such incorporation or such consumption. Neither is there evidence that the materials were used or reasonably required for use in the performance of those contracts.

Lincoln Park Charitable Trust contracted with Blackmon & Associates, Inc. for the construction of an apartment complex, known as Lincoln Park Apartments, to be located near the intersection of Little York and Banjo Streets in the City of Houston, Harris County, Texas. Blackmon & Associates, Inc., contracted with Ed-Lee Construction Company for paving work. Ed-Lee Construction Company purchased certain unspecified materials from Houston Materials Company for which no payment was made.

Blackmon & Associates, Inc., duly filed in the records of Harris County, Texas, a performance bond together with a copy of its construction contract in substantial compliance with Article 5472d, V.A.C.S. In substance the bond was conditioned to guarantee payment by the original contractor to its subcontractors, and to those furnishing labor or materials to such subcontractor, for labor, material, or both, used or reasonably required for use in the performance of the contract, provided that such a claimant shall have given written notice within 90 days after the claimant furnished the last of the materials for which claim is made to two of the following: the principal, the owner, or the surety. The bond provides that the construction contract is by reference made a part thereof, and that the bond is executed with the intent to comply with the Hardeman Act, Art. 5472d, T.R.C.S.

Art. 5472d, supra, provides that under certain conditions where a bond "conditioned for the prompt payment of all labor, subcontracts, materials, and specially fabricated materials, as defined in Article 5452 hereof, . . . and approved by the owner and filed in the office of the County Clerk as herein provided, such payment bond shall inure solely to all claimants either giving and filing the applicable notices and claims under Article 5453, or making claims in the manner provided in paragraph 4 of this Article." The original contract, or a copy thereof, must be filed with the bond. It also provides: "Any bond which is either furnished and filed in attempted compliance with this Article or which by its express terms evidences its intent to comply with this Article shall in either event be construed to effectuate such intention and all rights and remedies on such bond shall be enforceable in the same manner and under the same conditions and limitations as the bond provided for in this Article."

Art. 5452, V.A.C.S., provides that a person or firm who furnishes materials for the construction or repair of any improvements under or by virtue of a contract with the owner or his contractor or subcontractor, upon complying with the provisions of this chapter, shall have a lien on such improvements to secure payment for the material furnished for such construction. The words "material furnished" are defined in the Act as "material . . . incorporated in the work, or consumed in the direct prosecution of the work, or

ordered and delivered for such incorporation or such consumption." The term "work" is defined as "any construction or repair, or any part thereof, which is performed pursuant to an original contract, as that term is defined herein." An original contract is an agreement to which an owner is a party, either directly or by implication of law. A subcontractor is defined as "any person or persons, firm or corporation who has furnished labor or materials or both . . . to fulfill an obligation to an original contractor or to a subcontractor to perform all or part of the work required by an original contract."

■ Plaintiff's cause of action against the original contractor and his surety on the payment bond is shown by his pleadings to be based on the bond. The contract between the owner and the original contractor was made part of the bond. To recover it was necessary for plaintiff to prove that the provisions of the bond, when construed in connection with the contract entitled him to recover. Wann v. Metropolitan Life Insurance Co., 41 S.W. 2d 50 (Tex.Com.App.1931, holdings approved).

By reason of the provisions found in the bond, and required for recovery on such a bond by Art. 5472d, it was necessary that plaintiff introduce the original contract into evidence, or to show by other evidence the terms thereof. Barlite, Inc. v. Trinity Universal Insurance Company, 400 S.W.2d 405 (Tex.Civ.App.—San Antonio 1966, writ ref., n. r. e.).

With reference to Article 5472d, the Supreme Court of Texas, in Trinity Universal Insurance Company v. Barlite, Inc., 435 S.W.2d 849 (1969), stated:

" . . . This Article gives no lien of any kind or character to anyone but is to guarantee payment of all labor, materials, etc., . . . The bond required by Art. 5472d is to take the place of the liens fixed by Art. 5452 when perfected as required in Art. 5453. The bond covers only the labor, materials, etc. furnished by others to an original contractor for the completion of the project . . . "

The court pointed out that the obligation of the bond was to "pay claimants for all labor, subcontracts, materials . . . performed or furnished *under or by virtue of said contract*," and held that the materials in question were not furnished under and by virtue of the original contract with the owner, and, therefore, payment for such material was not guaranteed by the bond.

■ The absence of evidence disclosing the provisions of the original contract with the owner, of the contract between Blackmon & Associates, Inc. and Ed-Lee Construction Company, and the specific kind of materials furnished by plaintiff renders it impossible to determine wehther the materials were furnished "under and by virtue of" the contracts, or whether the material was ordered and delivered for incorporation in the work or consumption in the direct prosecution of the work, or that the material was furnished to a subcontractor to perform part of the work required by the original contract, or that the material furnished was used or 'reasonably required for use in the performance of the contract.

The case must be reversed on the appeal of Blackmon & Associates, Inc. and United States Fidelity & Guaranty Company; since it is apparent that it has not been fully developed, in the interest of justice it is remanded to the trial court. The judgment, insofar as it awards recovery against Winston Lee Taylor and Eddie Wold, Sr., d/b/a Ed-Lee Construction Company and denies recovery against Lincoln Park Charitable Trust, is severed, and is affirmed.