**HOBSON & ASSOCIATES, INC., Appellant,**

**v.**

**FIRST PRINT, INC., Appellee.**

**No. 07–90–0120–CV.**

Court of Appeals of Texas, Amarillo.

Oct. 16, 1990.

---

Roderique S. Hobson, Jr., Lubbock, for appellant.

Phil Jordan, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Hobson & Associates, Inc. [Hobson] perfected this appeal from a final judgment, rendered on both a motion for partial summary judgment and a jury verdict, decreeing its monetary liability to First Print, Inc. [First Print] for wrongful garnishment. With one point of error, Hobson contends that the trial court erred in granting the partial summary judgment because, among other matters, the evidence is legally insufficient to support it. Agreeing that First Print did not establish the legal sufficiency of the ground for the partial summary judgment, we will sustain the point, reverse the judgment, and remand the cause.

The challenged judgment rests on awkward procedural underpinnings which will be recorded only as they are material to the question on appeal. As shown by the pleadings and to some extent by summary judgment proof, in the beginning and after false starts because of its misnomers for the defendant, Hobson, the assignee of a claim, was awarded a default monetary judgment on the claim against "First Print Industry, Inc. DBA American Union Graphics" in the Justice of the Peace Court, Precinct No. 1, Place 2, of Midland County. Thereafter, Hobson secured, over the objection of First Print that it never had been served with process, a judgment nunc pro tunc changing, among other adjudications, the name of the defendant "from First Print Industries [*sic*], Inc. to First Print, Inc." because of a "clerical" error. The judgment nunc pro tunc was signed on November 29, 1984. No appeal was taken from the judgment and no supersedeas bond was filed.

Subsequently, and based on the judgment nunc pro tunc, Hobson applied to the justice court for and, on March 14, 1985, there was issued a writ of garnishment, naming The First National Bank of Amarillo as garnishee. The bank answered, admitted its indebtedness to First Print by virtue of funds deposited in a demand account, interpleaded Hobson and First Print, deposited the funds with the clerk of the justice court, and requested a discharge with its attorney's fee and costs.

After denying First Print's motion to vacate and dissolve the writ of garnishment, the justice court rendered its garnishment judgment on May 9, 1985. By its judgment, the court decreed that from the garnished funds, Hobson recover its judgment debt, the bank be discharged with its attorney's fees, and First Print be paid the remainder. First Print's appeal from the garnishment judgment to the County Court at Law of Midland County was unsuccessful upon the court's finding "that the appeal and action of First Print was a collat-

eral attack on a judgment which appeared valid on its face."

Next, on September 5, 1985, First Print filed a bill of review in the justice court. At a hearing held the following October 11, First Print did not appear, and the court denied the bill of review, finding no evidence of a meritorious "claim." At First Print's request, the justice court filed the bill of review with the Midland County clerk on December 10, 1985.

The judge of the Midland County Court at Law heard the bill of review on January 27, 1986. By letter dated March 11 and addressed to counsel, the judge, setting forth matters appearing of record in the justice court, stated:

> I will therefore grant the Bill of Review of First Print, Inc. and order that the Nunc Pro Tunc Judgment against First Print, Inc. be set aside and vacated for the reason that such judgment is void for no proper service.
>
> I am requesting that [First Print's counsel] prepare an order indicating the above findings and conclusions.

However, the transcript, albeit containing an undated and unsigned form of judgment incorporating similar findings and conclusions, reveals that the only judgment signed by the judge is one dated April 29, 1986, which provides that

> Bill of Review by First Print, Inc. be and is hereby granted and the prior judgment of the Justice of the Peace Court is set aside and the cause is reinstated in this Court under the style, *Hobson & Associates, Inc. vs. First Print Industry, Inc. d/b/a American Union Graphics.*

The appellate record does not disclose what disposition, if any, was made of the "reinstated" cause.

Hobson perfected an appeal from the order granting the bill of review, but failed to file a brief in the appellate court. The appeal was dismissed for want of prosecution. *Hobson & Associates, Inc. v. First Print, Inc.,* No. 08–86–00136–CV (Tex.App. —El Paso, Oct. 8, 1986, no writ).

Afterwards, on March 13, 1987, First Print instituted the wrongful garnishment action underlying this appeal to recover actual and exemplary damages from Hobson. First Print predicated its action, and of necessity its motion for summary judgment, on the sole ground that the garnishment was "wrongful in that [Hobson] did not have a valid, subsisting judgment." This obtained, First Print alleged, because by virtue of the final judgment of the County Court at Law of Midland County, "the judgment upon which [Hobson] based its application for writ of garnishment was null and void."

Acting on First Print's amended motion for summary judgment on its cause of action, the trial court granted a partial summary judgment, decreeing that Hobson's suing out of the writ of garnishment was wrongful as a matter of law, and reserved three fact issues for resolution. After a jury trial on the issues, the court rendered a final judgment awarding First Print actual and exemplary damages against Hobson.

To be entitled to the partial summary judgment rendered, First Print was required to conclusively prove the issue it expressly presented to the trial court. Tex. R.Civ.P. 166–A; *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). That is, First Print was required to establish as a matter of law that the garnishment was wrongful because the judgment nunc pro tunc upon which it was based was not a valid, subsisting judgment. The proof must be made by summary judgment evidence, not by reference to the pleadings, *Texas Nat. Corp. v. United Systems Internat'l, Inc.,* 493 S.W.2d 738, 741 (Tex.1973), which do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678. And, inasmuch as the summary judgment proof considered by the trial court was brought forward in the appellate record, no presumptions are to be applied to support the partial summary judgment. *Box v. Bates,* 162 Tex. 184, 346 S.W.2d 317, 318–19 (1961).

The remedy of garnishment is purely statutory, and the provisions of the statute are to be strictly construed. *First Nat. Bank v. Guaranty Bond State Bank,* 23

S.W.2d 312, 313 (Tex.Comm'n App.1930). One of the current garnishment statutes provides that a writ of garnishment is available if "a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." Tex.Civ.Prac. & Rem. Code Ann. § 63.001(3) (Vernon 1986). In this connection, the judgment "shall be deemed final and subsisting for the purpose of garnishment from and after the date it is signed, unless a supersedeas bond shall have been approved and filed" in accordance with prescribed procedure. Tex. R.Civ.P. 657.

█ It is immediately apparent that at the time the writ of garnishment was applied for, secured, served, answered, and the judgment of garnishment was rendered, the nunc pro tunc judgment was, within the meaning of the above-cited garnishment statute and rule, a valid, subsisting judgment, which had not been superseded. The fact that "the prior judgment of the Justice of the Peace Court" was set aside almost a year after the garnishment action was finalized does not, by itself, prove as a matter of law that the garnishment was wrongful. Long ago it was decided that where the statutory grounds upon which the writ of garnishment was sued out existed, the writ is rightfully issued, and no action for damages will lie in behalf of the principal debtor. *Stevens v. Simmons*, 61 S.W.2d 122, 125 (Tex.Civ. App.—El Paso 1933, no writ).

It follows that if Hobson's garnishment action was infirm, it was not because Hobson did not have a valid, subsisting judgment at the time. Thus, First Print's summary judgment proof does not establish the ground upon which it moved for and was granted a partial summary judgment. Hobson's point of error is sustained.

Accordingly, the judgment is reversed and the cause is remanded to the trial court.