Joe Ewell WESTERMAN, Jr., Appellant,

v.

COMERICA BANK–TEXAS, Appellee.

No. 04–95–00807–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 7, 1996.

Rehearing Overruled Sept. 3, 1996.

Earle Cobb, Jr., John R. Shaw, Shaw & Benson, San Antonio, for appellant.

Nathan Allen, Laura Lea Worsham, Jones, Allen & Fuquay, L.L.P., Dallas, for appellee.

Before RICKHOFF, STONE and HARDBERGER, JJ.

HARDBERGER, Justice.

This is an appeal from a summary judgment precluding a suit for damages arising out of a garnishment action. In two points of error, appellant complains that the trial court erred in granting appellee's motion for summary judgment and denying his partial motion for summary judgment.

### Facts

In the underlying suit that serves as a basis for the subsequent garnishment action, Bobby Locke sued Joe and Cathlynn Westerman in the amount of $7,749.00 for breach of a contract and $100,000 in punitive damages. On September 2, 1993, the Westermans failed to appear at trial and Locke obtained a default judgment against them for the $7,749.00. On October 4, 1993, Locke filed an application for a Post–Judgment Writ of Garnishment against Comerica Bank–Texas, holder of Westerman's bank account, to collect on the judgment.

On October 5, 1993, Comerica Bank–Texas was served with the Writ of Garnishment. After receiving no response to its attempts to inform Joe Westerman of the writ against his property, Comerica Bank–Texas honored the writ by filing an original answer and in it requesting reasonable attorney's fees. On May 25, 1995, Locke and Comerica Bank–Texas entered into an agreed judgment. Locke was awarded $7,749.00 plus interest and costs totaling $8,517.74. Comerica Bank–Texas was awarded $500.00 in attorney's fees.

On January 19, 1994, Westerman filed a petition for writ of error seeking review of the underlying default judgment. On December 7, 1994, this court set aside the default judgment in an unpublished opinion for lack of jurisdiction due to improper service. The court held that the attempted service of the original petition by Locke's employee, Nina Porche, was invalid because the record did not affirmatively demonstrate strict compliance with all the rules of service of citation.

On March 15, 1995, Westerman brought this cause of action against Comerica Bank–Texas for breach of contract, conversion, breach of fiduciary duty, negligence and deceptive trade practices arising out of the garnishment action. After hearing the parties' respective motions for summary judgment, Judge Gonzalez granted summary judgment in favor of Comerica Bank–Texas and denied Westerman's partial summary judgment motion. Westerman now appeals that judgment.

### Standard of Review

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a; *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex. 1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the non-movant. *Nixon,* 690 S.W.2d at 548–49; *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in its favor. *Nix-*

*on,* 690 S.W.2d at 549; *Montgomery,* 669 S.W.2d at 311.

■ When a trial court's order granting a motion for summary judgment does not enumerate the grounds upon which summary judgment is based, the judgment will be affirmed on appeal if any of the theories advanced in the motion are meritorious. This means appellant must negate each theory in the motion to obtain a reversal. *Rogers v. Ricane Enter. Inc.,* 772 S.W.2d 76, 79 (Tex. 1989); *Sipes v. Petry and Stewart,* 812 S.W.2d 428, 430 (Tex.App.—San Antonio 1991, no writ).

■ Westerman contends it was error for the trial court to grant summary judgment in favor of Comerica Bank–Texas because it failed to properly perform its affirmative duties before complying with the writ. More specifically, Westerman contends that Comerica Bank–Texas, as his trustee, was required to assert defenses on his behalf and investigate the underlying judgment before complying with the writ. We disagree.

Westerman relies on *Missouri Pac. Ry. Co. v. Whipker,* 77 Tex. 14, 13 S.W. 639 (1890) for the proposition that a bank as a fiduciary has the duty to assert defenses on behalf of the principal defendant in a garnishment action. In *Missouri Pac. Ry. Co.,* the court addressed garnishment of current wages which is expressly prohibited by § 63.004 of the Texas Civil Practice and Remedies Code. In that case, the court held that when a garnishee is indebted to the principal defendant for current wages and the defendant is not present, the garnishee is required to disclose to the garnishor that the property in its possession is statutorily exempt from garnishment. The court explained that this narrow duty arose from the probability that under such circumstances the garnishee would likely be the only one aware of the property's exempt status. Unlike *Missouri Pac. Ry. Co.,* the issue before the court is not whether the property at issue was statutorily exempt from garnishment but whether Comerica Bank–Texas' compliance with the garnishment proceeding was proper. Since the remedy of garnishment is purely statutory, we look to chapter 63 of the Texas Civil Practice and Remedies Code and section 4 of the Texas Rules of Civil Procedure to determine the respective rights and responsibilities of the parties in a garnishment action.

■ According to TEX. CIV. PRAC. & REM. CODE ANN. § 63.001, a writ of garnishment is available if, among other things, the plaintiff has a valid subsisting judgment.[1] A judgment "shall be deemed final and subsisting for the purpose of garnishment from and after the date it is signed, unless a supersedeas bond has been filed." TEX.R. CIV. P. 657. The summary judgment proof before the trial court demonstrated that Comerica Bank–Texas had a reasonable belief that the garnishment judgment complied with these statutory requirements. The summary judgment evidence shows that Locke filed an Application for Post–Judgment Writ of Garnishment after receiving a default judgment.[2] After receiving a judgment on this application, Locke then properly served it on Comerica Bank–Texas. The writ recited that

---

1. § 63.001 TEX. PRAC. & REM.CODE ANN. provides a writ of garnishment is available if:
    (1) an original attachment has been issued;
    (2) a plaintiff sues for a debt and makes an affidavit stating that:
      (A) the debt is just, due and unpaid;
      (B) within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and
      (C) the garnishment is not sought to injure the defendant or the garnishee; or
    (3) a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment.

2. Westerman contends that because the Application for Post–Judgment Writ of Garnishment was file stamped October 4, 1993, but the certificate of service recites September 4, 1993, the application is void on its face and Comerica–Bank's subsequent compliance with the writ erroneous. We cannot find that Comerica–Bank was required to investigate the underlying post-judgment *application* before complying with the garnishment *judgment* before it. Any cause of action Westerman might have for wrongful garnishment due to improper service would lie against the judgment creditor not the garnishee. *See Hering v. Norbanco Austin I, Ltd.,* 735 S.W.2d 638 (Tex.App.—Austin 1987, writ denied).

Westerman was given the proper statutory notice as required by Texas Rules of Civil Procedure 663a.[3] Also, at the time of service of the writ there were sufficient funds in Westerman's account with Comerica Bank–Texas to pay the amount set forth in the writ. Westerman's summary judgment proof fails to present controverting evidence showing that genuine issues of material fact exist with regard to Comerica Bank–Texas' compliance with the writ.

■ Westerman suggests that the summary judgment evidence does not support a valid judgment since it was subsequently set aside by writ of error for lack of service. However, the fact that the original judgment was later reversed is not significant. Comerica Bank–Texas did not know the underlying judgment would be reversed, or that there was even a problem with it. We find the record contains conclusive summary judgment proof showing that when the garnishment action was actually finalized, the judgment was still a "valid subsisting judgment" within the meaning of the garnishment statutes and rules. *See* TEX.R. CIV. P. 657. The fact that the underlying judgment was reversed fourteen months after the garnishment judgment was rendered does not subsequently render the garnishment proceedings wrongful. The bank could not look into the future. *See Hobson & Assoc. Inc. v. First Print, Inc.,* 798 S.W.2d 617 (Tex.App.—Amarillo 1990, no writ).

In *Hobson & Assoc. Inc.,* the judgment debtor sued the garnishor for wrongful garnishment. The underlying judgment was signed on November 29, 1984 and no appeal was taken, nor was a supersedeas bond filed. On March 14, 1985, a writ of garnishment was issued naming a bank as garnishee. The bank duly filed an answer. The trial court denied the judgment debtor's Motion to Vacate and Dissolve the Writ of Garnishment, and rendered its garnishment judgment on May 9, 1985. On September 5, 1985, the judgment debtor filed a bill of review which was granted on April 29, 1986. In March 1987, the judgment debtor then instituted a wrongful garnishment action against the judgment creditor based on the fact that there was no valid, subsisting judgment on which to base the garnishment. The court ruled that pursuant to Texas Rules of Civil Procedure 657, the judgment was final at the time the garnishment action was finalized and the fact that the prior judgment was set aside almost a year later did not prove the garnishment wrongful. *Id.* at 620. Likewise, the summary judgment proof before the trial court showed that when the garnishment judgment was entered, Westerman had not instituted an action to set aside the underlying judgment.

■ Next, Westerman argues that Comerica Bank–Texas was required to give him notice of the writ prior to complying with it. At the summary judgment hearing, appellant presented affidavits showing that on October 5, 1993 Beverly Williams, an employee of Comerica Bank–Texas, sent a letter to the Westermans indicating that a post-judgment garnishment action had been taken against their account. Westerman presented an opposing affidavit stating that he failed to receive notice of the garnishment action against his account. We find no rule or statute that requires a *garnishee* to provide notice to the judgment debtor of the garnishment proceedings taken against his property.

3. TEX.R. CIV. P. 663a provides that the debtor in a garnishment action be notified in the following manner:

"The defendant shall be served in any manner prescribed for service of citation or as provided in Rule 21a with a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court as soon as practicable following the service of the writ. There shall be prominently displayed on the face of the copy of the writ served on the defendant, in ten-point type and in a manner calculated to advise a reasonably attentive person of its contents, the following:

"To _____, Defendant:

"You are hereby notified that certain properties alleged to be owned by you have been garnished. If you claim any rights in such property, you are advised:

"YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT."

*See* TEX.R. CIV. P. 663a; *Hering v. Norbanco Austin I, Ltd.,* 735 S.W.2d 638 (Tex.App.—Austin 1987, writ denied). Instead, it is the garnishor who must serve the judgment debtor with notice. *See* TEX.R. CIV. P. 663a; *Walnut Equip. Leasing Co. v. J–V Dirt & Loam,* 907 S.W.2d 912, 914 (Tex.App.—Austin 1995, writ denied); *Hering v. Norbanco Austin I, Ltd.,* 735 S.W.2d 638, 639 (Tex. App.—Austin 1987, writ denied). However, as mentioned earlier, if proper notice was not given to Westerman any cause of action he might have for wrongful garnishment would lie against the judgment creditor and not the garnishee. *See Hering,* 735 S.W.2d at 641–42.

Finally, Westerman argues that the bank was required to interplead the funds since there was doubt as to who was legally entitled to the money. *See* TEX.R. CIV. P. 43. The record is void of any summary judgment proof showing Comerica Bank–Texas' awareness that Westerman was contesting the garnishment and thereby potentially exposing it to double liability.

Because we find that Westerman has failed to negate the theories advanced in Comerica Bank–Texas' summary judgment motion and the proof before the trial court was sufficient to find as a matter of law that compliance with the post-judgment writ was proper, points of error one and two are overruled. The judgment of the trial court is affirmed.