Affirmed and Memorandum Opinion filed March 23, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00365-CV

___________________

 

CHRISTOPHER J. MCCLOSKEY,
Appellant

 

V.

 

ANNE MIRIAM MCCLOSKEY, MICHAEL
A. CRAIG, AND FIDELITY INVESTMENTS D/B/A NATIONAL FINANCIAL SERVICES, L.L.C.,
Appellees



 



 

On
Appeal from the 387th District Court

Fort Bend County,
Texas



Trial Court Cause No. 07-CV-160708

 



 

 

MEMORANDUM OPINION

            Appellant Christopher Joseph McCloskey (“Chris”)
appeals from a garnishment judgment in which the garnishee Fidelity Investments
d/b/a National Financial Services, L.L.C. (“Fidelity Investments”) was
ordered to pay funds from his account to the garnishors, appellee Anne
McCloskey (“Anne”) and one of her attorneys, appellee Michael A. Craig (“Craig”). 
In seven issues, Chris, the garnishment debtor, contends that (1) the trial
court abused its discretion by not complying with the mandate of the appellate
court, (2) the garnishment action violated the automatic bankruptcy stay, (3)
the garnishment action is improper because it is the second action for the same
fees, (4) the manner in which Chris’s assets were taken from two separate-property
accounts was improper, (5) this court should stay execution of judgment until
this court “rules on the characterization of attorney fees as child support,”(6)
Chris was improperly divested of his assets, and (7) the judgment is manifestly
unjust.  We affirm.

Factual and
Procedural Background

            In 1998, Anne began divorce proceedings against Chris, and Chris
counter-petitioned for divorce.  A jury heard the issues relating to
conservatorship and primary residence of the parties’ two children.  The
remaining issues relating to the children and the division of property were
tried to the trial court.  Chris appealed the divorce decree, and this court
issued an opinion in that appeal on June 12, 2003.  McCloskey v. McCloskey,
No. 14-00-01300-CV, 14-00-01307-CV, 2003 WL 21354709 (Tex. App.—Houston [14th
Dist.] June 12, 2003, no pet.) (memo. op.).  In that opinion, this court found
the trial court erred in characterizing $50,398.00 in attorney’s fees as child
support.  Id. at *5.  This court remanded the issue of Anne’s attorney’s
fees and directed the trial court to correctly characterize the attorney’s fees
as part of the division of property.  Id.  The trial court held a
hearing on remand on March 13, 2006, and modified the original divorce decree,
but improperly characterized the $50,398.00 in attorney’s fees as “additional
child support.”  See McCloskey v. McCloskey, 14-06-00470-CV, 2009 WL
3335868, at *2 (Tex. App.—Houston [14th Dist.] Apr. 2, 2009, pet. denied) (mem.
op.).  On April 2, 2009, this court issued an opinion, again finding error, and
modifying the trial court’s decree to delete any reference to the
characterization of attorney’s fees as additional child support.  

            In the meantime, on January 26, 2005, Chris filed for
bankruptcy.  On July 17, 2007, the bankruptcy court issued an order determining
that the $50,398.00 in attorney’s fees were not dischargeable in bankruptcy.  See
11 U.S.C. § 523(a)(5).  A few months later, on November 28, 2007, Anne and Craig
filed an application for a writ of garnishment against Fidelity Investments seeking
to garnish Chris’s account to recover the attorney’s fees.  On January 18,
2008, the trial court signed a garnishment judgment, in which the court ordered
Fidelity Investments to deliver from funds it held for Chris in his account at
Fidelity Investments the full amount of attorney’s fees plus interest.  Chris
filed a motion to dissolve the writ of garnishment, which the trial court
denied.  Nothing in our record reflects that Chris superseded the garnishment
judgment.  Chris appeals from that judgment.

Standard of Review

            We review a trial court’s ruling on a motion to
dissolve a writ of garnishment for abuse of discretion.  See Gen. Elec.
Capital Corp. v. ICO, Inc., 230 S.W.3d 702, 705 (Tex. App.—Houston [14th
Dist.] 2007, pet. denied).  A trial court abuses its discretion if it acts
without reference to guiding rules and principles or in an arbitrary or
unreasonable manner. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241–42 (Tex. 1985).

Analysis

          In
his second issue, Chris contends the garnishment judgment was rendered in
violation of the bankruptcy stay.  On January 26, 2005, Chris filed for
bankruptcy, triggering the automatic stay provision of the United States
Bankruptcy Code.  See 11 U.S.C. § 362.  Because Chris filed his
bankruptcy petition before the effective date of the Bankruptcy Abuse
Prevention and Consumer Protection Act of 2005 (“2005 Amendments”), the version
of section 362 of the Bankruptcy Code in effect prior to the 2005 Amendments
governs Chris’s bankruptcy.  See Pub. L. No. 109-8 § 1501(b)(1); In re Barner, No. 09-60394,
—F.3d—,—, 2010 WL 517587, at *2 (5th Cir.
Feb. 15, 2010).  Under the law applicable to Chris’s bankruptcy proceeding,
section 362(b) of the Bankruptcy Code provided that:

 

The filing of a petition under section 301, 302, or 303 of
this title, . . . does not operate as a stay—

. . .

(2) . . . 

(A) of the commencement or continuation of an action or
proceeding for—

. . .
(ii) the establishment or modification of an order
for alimony, maintenance, or support; or

(B) of the collection of alimony, maintenance, or support from
property that is not property of the estate[.]

Our record
contains documents from Chris’s Chapter 7 bankruptcy case showing that, under
section 554(a) of the Bankruptcy Code, the bankruptcy trustee abandoned the
property that is the subject of the trial court’s garnishment judgment.  See
11 U.S.C. § 554(a).  This abandonment meant that this property was no longer
“property of the estate.”  See Bamburg v. Townsend, 35 S.W.3d 85, 88–89
(Tex. App.—Texarkana 2000, no pet.).  The garnishment action resulted in the
collection of attorney’s fees as “additional child support” that were awarded
in the trial court’s decree.  After the trial court rendered its garnishment
judgment, this court modified the decree so that the fees were not awarded as
child support.  Nonetheless, this subsequent modification of the decree does
not retroactively operate to change the character of the garnishment action. 
The fees collected in the garnishment action
were “alimony, maintenance, or support” within the meaning of former section
362(b)(2)(A)(ii).  See Silansky v. Brodsky, Greenblatt & Renehan,
897 F.2d 743, 744  (4th Cir. 1990); Klass v.
Klass, 831 A.2d 1067, 1075 (Md. 2003).  Because the garnishment action was
an action for the “collection of alimony, maintenance, or support from
property that is not property of the estate” under former section 362(b)(2) of
the Bankruptcy Code, it did not violate the
bankruptcy stay.  Accordingly, Chris’s second issue is overruled.

Chris argues,
in part, under his fifth issue that the trial court lacked jurisdiction over
the garnishment action because the bankruptcy stay applied.  Because the stay did
not apply, we also overrule this part of the fifth issue.

            In his first
issue, Chris contends the trial court abused its discretion by not complying
with this court’s 2003 mandate to characterize the attorney’s fees in question
as part of the property division rather than as child support.  Because the
remedy of garnishment is purely statutory, we look to chapter 63 of the Texas
Civil Practice and Remedies Code and the Texas Rules of Civil Procedure to
determine the respective rights and responsibilities of the parties in a
garnishment action.  Jamison v. Nat’l Loan Investors, L.P., 4 S.W.3d
465, 468 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).  The only
real issue in a garnishment action is whether the garnishee is indebted to the
judgment debtor, or has in its possession effects belong to the debtor, at the
time of service of the writ on the garnishee and at the time the garnishee
files its answer.  Rowley v. Lake Area Nat. Bank, 976 S.W.2d 715, 718
(Tex. App.—Houston [14th Dist.] 1998, pet. denied).  

            Under section
63.001 of the Texas Civil Practice and Remedies Code, a writ of garnishment is
available if, among other things, the garnishor has a valid subsisting
judgment.  A judgment “shall be deemed final and subsisting for the purpose of
garnishment from and after the date it is signed, unless a supersedeas bond has
been filed.”  Tex. R. Civ. P. 657.  The
record reflects that Anne applied for a post-judgment writ of garnishment after
the trial court signed a revised decree.  The writ recited that Chris was given
the proper statutory notice as required by Texas Rule of Civil Procedure 663a. 
At the time of service of the writ, there were sufficient funds in Chris’s
account with Fidelity Investments to pay the amount due under the decree, as set
forth in the writ of garnishment.  

            Chris argues that because the trial court improperly
characterized the attorney’s fees as child support in the decree, the evidence
does not support a valid garnishment.  However, the fact that the decree was
later modified does not change the result.  See Westerman v. Comerica
Bank–Texas, 928 S.W.2d 679, 682 (Tex. App.—San Antonio 1996, writ denied). 
The garnishee, Fidelity Investments, could not have known that the underlying decree
would be modified.  The record reflects that when the trial court signed the garnishment
judgment, the decree was a “valid subsisting judgment” within the meaning of
the garnishment statutes and rules of procedure.  See Tex. R. Civ. P. 657.  The fact that the decree was
modified over a year later does not subsequently render the garnishment
proceedings wrongful, nor does that subsequent event invalidate the trial
court’s garnishment judgment.  See Hobson v. Assoc. Inc. v. First Print,
Inc. 798 S.W.2d 617 (Tex. App.—Amarillo 1990, no writ).  Chris’s first issue is overruled.

In his fifth
issue, Chris argues that this court should “stay execution of judgment until it
rules on the characterization of attorney fees as child support.”  Any request for
a stay until this court adjudicates his appeal from the 2006 decree is moot
because this court has adjudicated that appeal.  See McCloskey,
2009 WL 3335868, at *2. Likewise, any request for a stay until this court rules
on the characterization of the attorney’s fees in the trial court’s 2006 decree
in this appeal is also moot because this court today adjudicates the instant
appeal.  More importantly, the propriety of the characterization of the
attorney’s fees in the 2006 decree is not before the court in this appeal from
the trial court’s garnishment judgment.  Accordingly, we overrule the remainder
of the fifth issue.

            In issues three, four, six, and seven, Chris argues that the
current garnishment action is improper because it is the second action filed to
recover the same attorney’s fees.  Chris claims that his assets were taken from
his separate-property IRA accounts at Charles Schwab on September 11, 2000, and
October 10, 2000, and his ERISA account at Merrill Lynch on August 7, 2002.  Chris
argues that those assets were garnished to pay the attorney’s fees that are
subject to the garnishment judgment. 

            Chris refers to two orders directing Charles Schwab and
Merrill Lynch to release funds in payment of attorney’s fees.  Those orders
were issued in 2000 and 2002 and were for payment of interim fees, not the fees
at issue in this appeal.  The record does not reflect that the 2000 and 2002
orders were for the same attorney’s fees as those ordered to be paid in the
garnishment action under review.  We overrule Chris’s third, fourth, sixth and
seventh issues.

            Having
overruled all of Chris’s issues, we affirm the trial court’s judgment.

 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices
Yates, Frost, and Brown.